EULA HUGGINS and CARRIE HUGGINS v. STATE.

176 So. 154.
Division A.
Opinion Filed September 24, 1937.

*A. C. Johnson,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—Plaintiffs in error present three questions for us to consider, as follows:

"1. Did the court err in denying defendant's motion for new trial?"

"2. Where, in his argument to the jury, the State Attorney constantly appealed to racial prejudice over the objections of the defense, will such conduct entitle the defendants to a new trial?"

"3. Where the evidence, in a prosecution for assault with intent to commit murder in the first degree wholly fails to show any intent to commit murder in any of its degrees, will the verdict be sustained?"

There are nine grounds set up in motion for new trial.

There is one assignment of error, that the court erred in denying motion for new trial.

The first, second, third and sixth grounds of the motion challenge the sufficiency of the evidence to support the verdict and judgment of guilty of assault with intent to commit murder in the first degree.

No useful purpose can be served by delineating the evidence. It is sufficient to say that the record discloses ample substantial evidence to support the judgment.

The fourth ground of the motion challenges the action of the court in allowing the person on whom the alleged assault was made to exhibit the scars identified as the result of the wounds inflicted by the defendants in making the alleged assault.

There was no error in this regard. The scars were physical evidence of the character of the assault and the jury was entitled to look upon the scars when it was shown that they were the result solely of the wounds inflicted by the accused and had not been caused or changed by other means. 16 C. J. 621; Twitty v. State, 168 Ala. 59, 53 Sou. 308.

The fifth, seventh and eighth grounds of the motion are abandoned.

The ninth ground of the motion is as follows:

"Because the State Attorney in his argument to the jury repeatedly alluded to the defendants as negroes; that the negro race was fast dwindling away and they should above all people be above reproach; that niggers didn't pay any of the expense of government, and that you good people of

Suwannee County are right today having to pay all of the costs and expenses of prosecuting these niggers; that the defendant, Eula Huggins, was constantly referred to as the old foxy woman, trying to put all the blame on her children because she knew and I know that the court will probably only send them to reform school, that her defense was foxy and cleverly planned and schemed, that never before in his career had he prosecuted as vicious a case and one as bloody as this, and remarked that if one of the defendants had talked to him as he did Mr. Carver he would have slapped him down too and that he would have slapped him so hard that he never would have forgotten it, in fact, that if a bunch of niggers had jumped on him he didn't know what he would have done, that he expected he would have done more than Mr. Carver did."

If the transcript of the record showed by the authenticated bill of exceptions that the State's Attorney indulged in the argument attributed to him in this ground of the motion a new trial would be awarded. Johnson v. State, 88 Fla. 461, 102 Sou. 549; Pearce v. State, 93 Fla. 504, 112 Sou. 83; Henderson v. State, 93 Fla. 318, 113 Sou. 689. In the absence of such showing in the record, we cannot assume that the State's Attorney so grossly violated the settled rules of practice in criminal cases. Gaines v. State, 97 Fla. 908, 122 Sou. 525; Ellison v. State, 91 Fla. 502, 107 Sou. 640.

The record discloses no reversible error. So, the judgment should be, and is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.