DREW, Justice:
The appellant was convicted in the lower court of the crime of unlawful possession of a narcotic drug known as cannibis sativa (m.arihuana). Appellant' assigns four grounds for reversal.
Before the bar of this . Court, appellant abandoned his ground of .appeal Number One. We have carefully examined grounds of appeal numbered Two and Three and find no merit in’either.
Ground of appeal Number Four is as follows: “The Court erred in permitting the State Attorney to argue to the jury a highly inflammable subject not supported by the evidence nor any inference which could reasonably be deduced from the evidence.”
The only disclosure in the transcript of the record on this subject is the following:
“During the argument of the State, By' Hon. J. Frank Adams, Assistant State Attorney (in talking about mari-huána) made the following statement ‘that is the reason so many high, school, students over, the country .are using narcotics.’
“By Mr. Cogdill: I object to that line of argument, it is prejudicial to the defendant, in bringing in the high school students' and newspaper ‘ clippings; into the case.
“By. the Court: You .went out ,of. the record talking about the Army and Miami Beach and-the .hotel -business; the objection will be overruled.”
 The burden of proving error being upon the appellant, his failure to include in the record enough of the State Attorney’s address for a determination of whether such remarks were prejudicial and *562 erroneous, is fatal to appellant’s contention. Mendez v. State, Fla., 39 So.2d 468. The quoted remarks are not, per se, prejudicial, as were those which were the basis of the reversal in Gluck v. State, Fla., 62 So.2d 71.
This opinion is not intended to change the rule about abusive and unwarranted prejudicial remarks by prosecuting officers before a jury, but when a reversal is sought on such ground, the record should be sufficiently full and complete to give this Court information upon which to make a proper decision. See Huggins v. State, 129 Fla. 329, 176 So. 154.
Affirmed.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.