92 So.2d 621 (1957)
Jimmie Lee THOMAS, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, En Banc.
February 6, 1957.
Rehearing Denied March 7, 1957.
*623 Ernest D. Jackson, Sr., Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
TERRELL, Chief Justice.
Jimmie Lee Thomas was indicted, tried and convicted for rape in Duval County, his conviction having taken place July 21, 1955. The extreme penalty (death by electrocution) was imposed and this appeal was prosecuted from that judgment.
The first point urged for reversal is whether or not a certain statement made by appellant to the assistant state attorney, while in jail and written by the latter, was freely and voluntarily made.
It appears that in the course of investigation by enforcement officers appellant made five statements which were offered in evidence: (1) statement made to police officers shortly after his arrest; (2) statement made to police officers in homicide department Monday morning following his arrest; (3) statement made while in jail to assistant state attorney Tuesday morning after his arrest and recorded by the court reporter; (4) statement made in the county jail Tuesday night after arrest to assistant state attorney, written by the latter and signed by appellant; (5) statement made in county jail Tuesday night to assistant state attorney and recorded by the court reporter. All these statements were admitted in evidence but the third. The state insists that none of them amounts to a "confession," but that at least two of them were admissions against interest, if not clearly inculpatory. The appellant in the fourth and fifth statements admitted having intercourse with the victim but claimed she consented to the act. The first and second statements contained conflicting accounts by the appellant as to his whereabouts at the time of the alleged crime, the clothing he was wearing, and his movements before and after the alleged act, until the time of his arrest.
We are concerned here with the fourth statement made in the county jail after questioning by the assistant state attorney. Appellant contends that this statement was involuntary but the evidence taken incident to it shows conclusively that it was freely and voluntarily given. There was nothing in the way of coercion shown; it was made after one hour of questioning and there is not the slightest show of force or threat to extract it. We have read the cases relied on by appellant but we do not think they strengthen appellant's contention.
We have also considered appellant's contention that during questioning in the jail on Tuesday morning the assistant state attorney repeatedly called him a liar and exhorted him to tell the truth. It is contended that such conduct was harmful error. It is true that it was a crude and very undignified method by which to conduct an examination of this kind but we cannot see that it was harmful. The statements made by the appellant Tuesday morning during this interrogation were ruled inadmissible by the court following the proffer by the state in the absence of the jury, and therefore, had no influence on the jury in reaching its verdict. Exhortations to tell the truth, while under arrest, absent duress, threats, compulsion, hope of reward or benefit, do not render a statement involuntary. Smith v. State, 248 Ala. 363, 27 So.2d 495.
It is next contended that the admission in evidence of appellant's statements to the assistant state attorney in the county jail Tuesday night constituted a denial of fair trial, in that it compelled him *624 to testify against himself contrary to Section 12, Declaration of Rights, F.S.A., and the Fourteenth Amendment to the Constitution of the United States.
In support of this contention, appellant cites Williams v. State, 156 Fla. 300, 22 So.2d 821, wherein this court held a confession inadmissible because it was secured after ten hours of continuous questioning was indulged by different counsel in an attempt to force a confession. We are confronted with no such ordeal here, the questioning in this case did not exceed an hour and was conducted by one counsel in an orderly manner and no fear or threats were imposed.
Before admissions made by a party under arrest can be introduced in evidence the court should determine the important question of whether they were free and voluntary, and the court must make this determination before permitting the admission to go to the jury. This question is for the court and is not a matter of opinion of witnesses. This investigation should be made in the absence of the jury. If it clearly appears that such admissions were voluntarily made, they are admissible, but the question of voluntariness should be more stringently examined when the party is in custody. Louette v. State, 152 Fla. 495, 12 So.2d 168.
We have carefully examined the record and it clearly reveals that the trial court strictly followed this rule as to all statements by the appellant which were introduced in evidence. We find no error in the determination made in the absence of the jury that the statements were freely and voluntarily made.
It is next contended that remarks of the state attorney in his argument to the jury were prejudicial and denied appellant a fair and impartial trial in violation of Section 12, Declaration of Rights, and the Fourteenth Amendment to the Federal Constitution.
We have searched the record diligently and find no such remarks as are quoted and relied on by appellant and the assistant state attorney avows that he made no such remarks. Appellant refers to the alleged remarks in his motion for new trial but that is not a part of the trial papers and had no influence on the jury even if it had been present. Johnson v. State, 88 Fla. 461, 102 So. 549; Huggins v. State, 129 Fla. 329, 176 So. 154, and other cases are relied on to support this contention but they are not in point with the facts of this case and are not apropos. Considerable controversy was injected into the trial in regard to a coat worn by appellant at the time he committed the crime for which he was convicted. Much of the controversy was immaterial and irrelevant and degenerated into ridiculous insinuations by counsel. The controversy was disposed of by agreement of counsel on both sides by which the court charged the jury to disregard remarks about the coat.
It is next contended that the evidence was not sufficient to support the verdict and judgment.
The statements of appellant made soon after his arrest support guilt. Appellant attempted to establish an alibi but that was overcome by conclusive evidence of several witnesses. The victim of the crime positively identified appellant as the man who raped her. As defense it was charged that the state failed to prove that the sperm cells found in the victim's vagina soon after she was raped were those of appellant. This charge is answered by Sec. 794.01, Florida Statutes, F.S.A., which provides that the crime of rape is complete upon proof of penetration, the actual emission of seed not being an ingredient of the crime. Identification of sperm cells would make proof of rape scientifically impossible. Appellant further contends that there being no showing of outcry, struggle or disarrangement of the victim's clothing as would show the application of force, there was no adequate proof of rape. *625 Flowers v. State, 152 Fla. 649, 12 So.2d 772, is relied on to support this contention. It is shown the victim was rendered insensible through fear of a knife in appellant's hand and a command by him not to "holler." She was faced with serious bodily harm and for all she knew death if she refused to submit. The alleged consent of the victim secured in the face of terrifying fear and personal violence serves no purpose as a defense. Appellant's presence and attitude overpowered and forced the victim to submit.
It is last contended that appellant's constitutional right to fair and impartial trial was impaired by Secs. 919.23 and 794.01, Florida Statutes, F.S.A., providing that the penalty for rape is death unless the majority of the jury recommended mercy.
In the first place, the statute complained of is in appellant's favor and he is not in position to complain. In the second place, the court and not the jury determines the punishment when the jury recommends mercy. Appellant then advances the statistical argument that for the 20-year period, 1935 to 1955, twenty-three Negro defendants were executed for rape and during the same period only one white defendant was executed for that crime. From these figures appellant deduces the conclusion that Negroes have been discriminated against and denied due process. It is settled law that all such cases turn on the peculiar facts of the case. The facts in none of these cases are given us. In sum, it may be stated that about all these statistics show is that more Negroes have been tried and convicted for rape than white defendants. We covered this aspect of the question in State ex rel. Copeland v. Mayo, Fla., 87 So.2d 501, and State ex rel. Johnson v. Mayo, Fla., 69 So.2d 307.
In our view the evidence was ample to sustain the conviction, there was no lack of due process or equal protection, so the judgment must be and is hereby affirmed.
Affirmed.
ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.
THOMAS and HOBSON, JJ., not participating.