STATE OF FLORIDA, ex rel. Jimmie Lee THOMAS, Appellant,

v.

R. O. CULVER, as Director of the Division of Corrections of the State of Florida, and Al Cahill, Sheriff of Duval County, Florida, Appellees.

No. 17010.

United States Court of Appeals Fifth Circuit.

April 2, 1958.

Ernest D. Jackson, Sr., Jacksonville, Fla., for appellant.

George R. Georgieff, Asst. Atty. Gen., Nathan Schevitz, Asst. State Atty., Jacksonville, Fla., Richard W. Ervin, Atty. Gen., of Florida, for appellees.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial by the trial court of a writ of habeas corpus. Appellant, a Negro, stands convicted of the rape of a white woman, and is sentenced to electrocution by the State of Florida by reason of a verdict of guilty

without a recommendation of mercy.[1] Appellant has heretofore presented his appeal to the State Supreme Court, Thomas v. State, 92 So.2d 621, and sought certiorari of the United States Supreme Court, which was denied 354 U.S. 925, 77 S.Ct. 1389, 1 L.Ed.2d 1440. In such appeals he urged the constitutional grounds for relief here asserted.

Appellant attacks the actions of the State of Florida which produced his conviction and sentence as being violative of his rights under the Fourteenth Amendment to the Constitution of the United States. He specifies that the rape statute gives to the jury the uncontrolled and unfettered power to impose the death sentence on some and not to impose it on others found guilty of the same crime; that this power has been used by the juries in Florida to discriminate against Negroes convicted of rape as a class and on account of their race in that they do in fact condemn Negroes to death for rape but do not treat white persons convicted of the same offense in the same manner. He produces statistics to the effect that during a period of approximately 20 years, 24 Negroes have been executed for rape and no white persons have been so executed.

■■■ The statute is obviously not unconstitutional on its face. Nearly all the states and the federal government have statutes which authorize jury recommendation or jury fixing of punishment in capital cases. For an extensive discussion of this subject see Andres v. United States of America, 333 U.S. 740, 68 S.Ct. 880, 92 L.Ed. 1055. In light of the inviolability of the jury room, and in view of the uncontrolled character of the determinations that are confided to the jury,[2] the trial court could not find that the statute here is unconstitutional in its application either to Negroes generally or to this appellant. Its judgment must therefore be

Affirmed.

1. The applicable Florida statutes are:
   Florida Statute § 794.01, F.S.A., Rape and Forcible Carnal Knowledge: penalty.
   "794.01 Rape and forcible carnal knowledge: penalty.—Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death, unless a majority of the jury in their verdict recommend mercy, in which event punishment shall be by imprisonment in the state prison for life, or for any term of years within the discretion of the judge. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only."
   Florida Statute § 919.23, F.S.A., Recommendation to mercy:
   "(1) In all criminal trials, the jury, in addition to a verdict of guilty of any offense, may recommend the accused to the mercy of the court or to executive clemency, and such recommendation shall not qualify the verdict except in capital cases. In all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law."

2. In Andres v. United States, supra, the Court quoted from Winston v. United States, 172 U.S. 303, 312, 313, 19 S.Ct. 212, 215, 43 L.Ed. 456:

"The right to qualify a verdict of guilty, by adding the words 'without capital punishment' is thus conferred upon the jury in all cases of murder. The act itself does not itself prescribe, nor authorize the court to prescribe, any rule defining or circumscribing the exercise of this right, but commits the whole matter of its exercise to the judgment and the consciences of the jury. The authority of the jury to decide that the accused shall not be punished capitally is not limited to cases in which the court or the jury is of the opinion that there are palliating or mitigating circumstances. But it extends to every case in which, upon a view of the whole evidence, the jury is of opinion that it would not be just or wise to impose capital punishment. How far considerations of age, sex, ignorance, illness or intoxication, of human passion or weakness, of sympathy or clemency, or the irrevocableness of an executed sentence of death, or an apprehension that explanatory facts may exist which have not been brought to light, or any other consideration whatever, should be allowed weight in deciding the question whether the accused should or should not be capitally punished, is committed by the act of congress to the sound discretion of the jury, and of the jury alone."