338 So.2d 880 (1976)
Jimmy L. HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-4.
District Court of Appeal of Florida, Third District.
October 26, 1976.
*881 Phillip A. Hubbart, Public Defender, and Julian S. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
Jimmy L. Harris was charged in a three count information with I breaking and entering a dwelling and unlawfully assaulting a person therein, II involuntary sexual battery in violation of Section 794.011(3), Florida Statutes, and III robbery. At trial, the jury rendered verdicts of guilty as to counts I and II, and guilty of petit larceny as a lesser included offense of count III. The court so adjudicated Harris and sentenced him to consecutive terms in the state penitentiary of 30 years on count I, and 50 years on count II. Sentence was withheld on count III.
Two points are raised on appeal. The first point is that the court erred in denying the defendant's request for an instruction pursuant to Section 794.011(5), Florida Statutes (sexual battery involving the use of force not likely to cause serious personal injury) where such offense is a necessarily included offense of Section 794.011(3) (Sexual battery involving the use of a deadly weapon or use of force likely to cause serious personal injury).
In Brown v. State, 206 So.2d 377 (Fla. 1968), the leading Florida case, Justice Thornall set out four categories of lesser included offenses: (1) crimes divisible into degrees; (2) attempts to commit offenses; (3) offenses necessarily included in the offense charged; and (4) offenses which may or may not be included in the offense charged depending on the accusatory pleading and the evidence. Clearly, in this case, we are not concerned with the first or second categories. Therefore, we must determine whether subsection 5 of Section 794.011, Florida Statutes, is a lesser included offense of subsection 3, pursuant to either the third or the fourth category.
Subsection 3 of Section 794.011, with which Harris was charged, provides that:
A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony . . (Emphasis supplied)
Subsection 5, which Harris contends is a lesser included offense of subsection 3, provides that:
A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury shall be guilty of a felony of the second degree ... (Emphasis supplied)
The record reflects that during the involuntary sexual battery, the defendant held a knife or a metal object similar to a knife with a very sharp blade, to the victim's neck.
A necessarily included offense under the third category must be an essential aspect of the major offense, such that the burden of proof of the major crime cannot be discharged without proving the lesser crime as an essential link in the chain of evidence. Brown v. State, supra, at 381, 382. Instructing on an offense in this category *882 is required by statute, and is not a matter of the trial judge's discretion. Brown, supra. In our opinion, subsection 3 is not a necessarily included offense because the burden of proof of the major offense can be discharged without proving the lesser crime as an essential link in the chain of evidence. The "or" in subsection 3 means that it is a life felony to commit a sexual battery upon a person over age 11, without consent, when the perpetrator uses or threatens to use a deadly weapon or in the alternative, uses actual physical force likely to cause serious personal injury. The Florida courts have long recognized the difference between cases where the commission of the offense was accompanied by a display or use of a deadly weapon. See, for example, Doyle v. State, 39 Fla. 155, 22 So. 272, 273, 274 (1897); Green v. State, 135 Fla. 17, 184 So. 504, 508 (1938); Thomas v. State, 92 So.2d 621 (Fla. 1957); Dean v. State, 265 So.2d 15 (Fla. 1972). From the wording of subsection 3, it is clear that the legislature intended that it apply to two situations, one of which involves sexual battery with the use or threat of use of a deadly weapon. When a defendant is charged under this provision, it is unnecessary for the State to allege or prove the use of actual physical force in any degree. Want of consent under such circumstances stems from fear created by display of the deadly weapon, and not from physical force. We recognize that an instruction on 5 might be appropriate in a case where the defendant used actual physical force likely to cause serious personal injury against the victim, without using or threatening to use a deadly weapon. However, under the facts presented in this case, the element of actual physical force was neither alleged nor proved, and the conviction on Section 794.011(3), is supported by proof of use or display of a deadly weapon.
We next consider whether subsection 5 may be classified in the fourth category as an offense which may or may not be included in the offense charged depending on the accusatory pleading and the evidence. The information charges Harris with involuntary sexual battery, and in the process, using "a deadly weapon, to wit: A KNIFE, RAZOR, or similar object." The element of actual physical force whether likely or not to cause serious physical injury is totally lacking from the charging instrument. A defendant may be convicted of a lesser offense, which, although not an essential ingredient of the major crime, is spelled out in the accusatory pleading in that it alleges all of the elements of the lesser offense and the proof at trial supports the charge. State v. Anderson, 270 So.2d 353, 356 (Fla. 1972); and see Gilford v. State, 313 So.2d 729 (Fla. 1975). In this case, the element of actual physical force, a necessary element of subsection 5 is not alleged in the information; it was not necessary for the State to prove it, and it was not proved. Accordingly, neither the allegata nor the probata supported a charge to the jury on subsection 5 as a lesser included offense, and the requested instruction was properly refused.
The second point raised on appeal is that the court erred in imposing consecutive sentences on counts I and II where both stem from the same criminal transaction. Where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charged. Yost v. State, 243 So.2d 469, 471 (Fla.3rd DCA 1971). Where, as here, however, the offenses are violations of separate statutes, and not different sections of the same statute, although committed in one criminal episode, the Yost principle is not applicable. A separate sentence may be imposed upon conviction of each separate offense. Steele v. Mayo, 72 So.2d 386 (Fla. 1954); Tarpley v. State, 258 So.2d 301 (Fla.3rd DCA 1972); Estevez v. State, 313 So.2d 692 (Fla. 1975). Therefore, we find no error on this point.
Affirmed.