SCHEB, Chief Judge.
The state challenges the trial court’s dismissal of charges against appellee, James Brown, on the ground that he had twice been placed in jeopardy for the same offense.
The state charged appellee with aggravated assault and attempted sexual battery with a deadly weapon. The information and bill of particulars alleged that the two offenses occurred on or between December 26 and 27, 1979. However, the proof at trial established that the offenses occurred on December 24 and 25, 1979. Defense counsel moved for a judgment of acquittal on the basis of this variance, and the court granted his motion. Subsequently, the state filed a second information which alleged that appellee committed the aggravated assault and attempted sexual battery on December 25, 1979. The court granted defense counsel’s motion to dismiss on the ground that defendant had twice been placed in jeopardy.
In State v. Beamon, 298 So.2d 376, 379-80 (Fla. 1974), the supreme court enumerated the elements of former jeopardy. It held that
[T]he test to sustain a plea of former jeopardy is that it must be made to appear that
(1) There was a former prosecution in the same state for the same offense;
(2) That the same person was in jeopardy on the first prosecution;
(3) That the parties are identical in the same prosecution;
(4) That the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar.
Applying this test to the facts of the present case indicates that the court erred in granting the motion to dismiss based on the plea of former jeopardy. The state did not twice charge appellee with the same offense. Rather, it charged him by different informations, with two offenses which occurred at different times. The defense of former jeopardy, therefore, does not apply. As the supreme court observed in Beamon:
It is the defendant — not the state — who is estopped. The defendant is estopped by virtue of his inconsistent positions in first claiming as a basis for acquittal the materiality of the date and then contending on the new information that the actual, different date of the alleged offense is immaterial now, so that whatever the day of the alleged offense he was acquitted of it in the first trial.
298 So.2d at 378. Accord, State v. Mayor, 378 So.2d 1324 (Fla. 3d DCA 1980).
Accordingly, we reverse the order granting the motion to dismiss and remand the case for further proceedings.
HOBSON and CAMPBELL, JJ., concur.