417 So.2d 300 (1982)
Willie McGRIFF, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-149.
District Court of Appeal of Florida, Third District.
July 27, 1982.
Bennett H. Brummer, Public Defender, and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and NESBITT, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
NESBITT, Judge.
Defendant appeals from his convictions for aggravated assault and the unlawful display of a firearm during the commission of a felony. We affirm.
The defendant, McGriff, and another man, Hampton, got into an argument with some workers at a construction site. The foreman, David Wall, attempted to break up the argument, and sent the two men away. McGriff and Hampton walked toward their car. McGriff turned and fired a shot which passed between Wall and another employee. Hampton fired a shot which hit Wall in the foot. McGriff was charged with aggravated assault and unlawful display of a firearm during the commission of a felony. Hampton was tried separately on charges of aggravated battery and unlawful display of a firearm during the commission of a felony.
At McGriff's trial, Wall was permitted to testify, without objection, that Hampton *301 shot him in the foot. Over objection, the victim then testified as to the past and future medical treatment he required as a result of these injuries. The appellant claims, as a basis for reversal, that the evidence of the extent of the injury caused by another person was inadmissible at McGriff's trial.
A witness may testify as to the extent of an injury or show the injury itself where it is relevant to the crime charged against the defendant. See Huggins v. State, 129 Fla. 329, 176 So. 154 (Fla. 1937) [in prosecution for assault with intent to commit murder, no error in allowing victim to exhibit scars since scars were physical evidence of character of assault]; Harmon v. State, 48 Fla. 44, 37 So. 520 (Fla. 1904) [under indictment covering various degrees of assaults, including aggravated and simple assaults, evidence that the assaulted person suffered great pain is not immaterial]; Waddy v. State, 355 So.2d 477 (Fla. 1st DCA), cert. denied, 362 So.2d 1056 (Fla. 1978) [no error in showing victim to jury in defendant's prosecution for child abuse]. The present case does not fall within this category because the injuries described to the jury were inflicted at the hands of a co-defendant who was tried separately. Clearly, those injuries are not relevant to the charges against McGriff. Each person charged with the commission of a crime must be tried upon evidence legally tending to show his guilt. Cf. Thomas v. State, 202 So.2d 883 (Fla. 3d DCA 1967) [improper to disclose that co-defendant was found guilty].
In the present case, we find that the introduction of such testimony was harmless error due to the manner in which this case was tried. Once the victim was permitted to testify without objection that he was shot by the co-defendant, we see no prejudicial error in allowing him to briefly state the nature of his injury.
Appellant next contends that his sentence pursuant to the Youthful Offender Act, Chapter 958, Florida Statutes (1979), was improper because he was assessed a one year minimum mandatory sentence without written findings of the aggravating factors as required by Section 958.05(3), Florida Statutes (1979). We disagree.
The trial judge, at the sentencing hearing, specifically found that the defendant's conviction for the unlawful display of a firearm constituted a finding of the existence of aggravating factors used for the imposition of the minimum mandatory one-year sentence. This was announced in open court and has been made part of the record on appeal. Since this court has the opportunity to review the transcript of the trial court's findings, we determine that there has been no prejudice to the defendant. See Eastwood v. Hall, 258 So.2d 269 (Fla. 2d DCA 1972).[1] We therefore affirm the sentence but remand for the trial judge to reduce his findings to writing.
Finally, we observe that in light of State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), the defendant may be convicted of both aggravated assault and the unlawful display of a firearm during the commission of a felony.
Affirmed and remanded with directions.
NOTES
[1] R.B.S. v. Capri, 384 So.2d 692 (Fla. 3d DCA 1980) relied upon by appellants is limited to cases concerning the denial of bail. See R.B.S., supra, at 696 & n. 11 where the court distinguished Eastwood v. Hall on the basis that it was not a denial of bail case.