432 So.2d 602 (1983)
Cynthia Ann GAY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2479.
District Court of Appeal of Florida, Second District.
May 18, 1983.
Rehearing Denied June 10, 1983.
*603 Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant Cynthia Ann Gay contends the trial court erred in adjudicating her guilty of aggravated assault. We agree.
On June 11, 1982, the state filed an information charging appellant with aggravated battery. The information read as follows:
CYNTHIA GAY from the 15th day of January, 1982 to the 16th day of January, 1982, inclusive, in the County and State aforesaid, actually and intentionally did touch and strike another person, to-wit, Lewis Carl Roach, Jr., against the will of the said Lewis Carl Roach, Jr., and in so doing did use a deadly weapon, to-wit, a beer bottle, in violation of Section 784.045, Florida Statutes.
Appellant pled not guilty and waived her right to a jury trial. At the conclusion of the trial, the judge announced that he was finding Ms. Gay guilty of aggravated assault. Thereafter, appellant's counsel pointed out that his client could not be found guilty of aggravated assault because the information did not allege a "placing in fear." Nevertheless, the court adjudged appellant guilty of aggravated assault, placed her on three-years probation, and ordered her to make restitution of $1,500. This appeal ensued.
Appellant contends that the trial court erred in finding her guilty of aggravated assault. First, she argues that aggravated assault is not a necessarily included offense to a charge of aggravated battery. Second, she contends that aggravated assault could not be a "category 4" lesser included offense under Brown v. State, 206 So.2d 377 (Fla. 1968) (now a category 2 offense),[1] since *604 the information failed to allege the required elements of an aggravated assault. Finally, she argues that requiring her to make restitution was improper because the court failed to provide her with notice and a hearing concerning restitution and because the evidence did not demonstrate that the victim's injury was attributable to her conduct.
We agree that aggravated assault is not a necessarily included offense to a charge of aggravated battery. Jones v. State, 358 So.2d 37 (Fla. 4th DCA), cert. denied, 364 So.2d 887 (Fla. 1978). In order to be a lesser included offense, the information charging the greater offense must allege all of the elements of the lesser offense, and the proof must support the allegation of the lesser offense. Brown v. State; White v. State, 412 So.2d 28 (Fla. 2d DCA 1982). Appellant is correct in her contention that the information did not allege that she committed an act creating a well-founded fear in the victim of imminent violence as required under State v. White, 324 So.2d 630 (Fla. 1975). Under these circumstances aggravated assault could not be a lesser included offense. Thus, appellant was convicted of an offense for which she was not charged and which was not a lesser included offense of the crime that was charged.
Absent a waiver by or estoppel against the defendant, it is fundamental error to convict a person of an offense which is not charged. See Ray v. State, 403 So.2d 956 (Fla. 1981); Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975). No such waiver or estoppel is present in this case.
In view of our disposition of this case, we need not reach appellant's complaint that the court erred in ordering restitution.[2]
When the court convicted appellant of aggravated assault, it impliedly acquitted her of aggravated battery. While appellant cannot be retried for aggravated battery, our opinion does not preclude the state from filing a new information charging appellant with aggravated assault, if it so elects. State v. Katz, 402 So.2d 1184 (Fla. 1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982); State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); State v. Brown, 404 So.2d 805 (Fla. 2d DCA 1981).
REVERSED.
GRIMES, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] The categorization of offenses under Brown v. State has been revised. When the supreme court adopted the present Florida Standard Jury Instructions in Criminal Cases, it directed that these categories be renumbered and designated as follows:

1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
In the Matter of the Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, Nos. 56,734 and 58,799 (Fla. April 16, 1981).
[2] However, we commend to the court the following cases as being instructive on the requirements on restitution. Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Edwards v. State, 422 So.2d 24 (Fla. 2d DCA 1982); and Reeves v. State, 372 So.2d 1016 (Fla. 2d DCA 1979).