433 So.2d 1375 (1983)
Cleveland O. BRAGG, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2583.
District Court of Appeal of Florida, Second District.
July 13, 1983.
*1376 Richard D. Mars and Wofford H. Stidham, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., and Diane Barrs, Asst. Attys. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The state charged appellant Cleveland Odell Bragg with armed robbery and with sexual battery while using or threatening to use a deadly weapon, a firearm. He was convicted of the lesser charge of sexual battery using slight force. Appellant challenges his conviction on the ground that the trial court erred in instructing the jury, over his objection, that the charge for which he was convicted was a lesser-included offense of the crime charged. We agree and reverse.
Count I of the state's amended information charged appellant with armed robbery. In Count II it was alleged that Cleveland Odell Bragg:
[O]n the 21st day of April, 1982, in the County and State aforesaid did commit sexual battery upon [the victim], in that the said CLEVELAND ODELL BRAGG with his penis did penetrate the mouth and the vagina of the said [victim], and did penetrate the vagina of the said [victim] with an object, to-wit, his fingers without the consent of the said [victim], and in the process thereof did threaten to use or used a deadly weapon, a firearm, in violation of Section 794.011, Florida Statutes.
Bragg pled not guilty to both the robbery and sexual battery charges and was tried by jury.
The evidence produced at trial revealed that on April 20, 1982, a female employee of a convenience store was robbed and forced to leave the store by Joel Don Adams. She was taken to a car occupied by Adams and Bragg. The trio rode around the community during which time Adams forced the female to perform oral sex on him. They ended up at a lake where Adams repeatedly sexually assaulted the victim, imploring Bragg to do likewise. When Bragg responded that he would rather do this privately, Adams put a gun to the victim's head and threatened to "blow her brains out" if Bragg refused to have sex with her. At this point the victim asked Bragg to "please do it," and Bragg proceeded to sexually assault the victim. After that he handed the victim her clothing and attempted to give her a laminated birth certificate identifying himself. The trio returned to the car with Bragg driving. Later, Adams demanded the car be stopped, ordered the victim out, and shot her twice. The victim ultimately ended up at the hospital. Bragg finally left Adams, located a police officer, told him the story of what had happened, and was placed under arrest.
At the close of the trial, the court denied Bragg's motion for directed verdict. At the charge conference the trial judge announced that he would instruct the jury that the sexual battery charge against Bragg included the lesser-included offenses of sexual battery with slight force under section 794.011(5), Florida Statutes (1981), as well as battery, a misdemeanor proscribed by section 784.03. Defense counsel objected to any instruction that sexual battery with slight force was a lesser-included offense of the crime charged. The trial judge overruled the objection. His instructions to the jury included the lesser charge under section 794.011(5), as well as an instruction on battery.
The jury returned a verdict finding Bragg not guilty of armed robbery. On the charge of sexual battery, the jury found him guilty of the lesser-included offense of sexual battery with slight force under section 794.011(5). Bragg moved to arrest the judgment based on the alleged improper jury instruction. The court denied the motion and sentenced Bragg to fifteen years in prison. This appeal ensued.
*1377 Bragg contends that the court erred in instructing the jury on a lesser-included offense of sexual battery since no force, either great or slight, was alleged in the information, and since the lesser offense was not required to be proved in order to prove the charge in Count II of the information.
In Florida Standard Jury Instructions in Criminal Cases (1981 edition), the Florida Supreme Court changed the former categorization of offenses announced in Brown v. State, 206 So.2d 377 (Fla. 1968). Under the present schedule a necessarily included offense (formerly category 3 in Brown) has become a category 1 offense. Category 2 offenses are now those "which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence." In re Standard Jury Instructions in Criminal Cases, Nos. 56,734 and 58,799 (Fla. April 16, 1981). In order to clarify the categorization of offenses, the supreme court approved a schedule which contains a list of the lesser offenses applicable to each crime charged. Bragg was charged with sexual battery while using or threatening to use a deadly weapon, a violation of section 794.011(3). Under the schedule, sexual battery with slight force (§ 794.011[5]) is a category 1 necessarily included offense "if `uses a deadly weapon' or `uses actual physical force likely to cause serious personal injury' is charged."
In In re Standard Jury Instructions in Criminal Cases, the supreme court emphasized that "this schedule will be an authoritative compilation upon which a trial judge should be able to confidently rely." The trial judge here followed this mandate by dutifully giving the instructions as required by the schedule of lesser offenses. Further, the judge correctly concluded that there was evidence to justify his instruction on the lesser crime of sexual battery with slight force, as required by Florida Rule of Criminal Procedure 3.510(b).
Regretfully, we must conclude that, while the trial judge correctly followed the standard jury instructions, he nevertheless erred inasmuch as the applicable form of instruction in this instance is erroneous and in conflict with current case law. While deviation from the standard jury instructions may risk error, the supreme court never intended these instructions to rigidly bind trial courts in all circumstances. Smith v. Mogelvang, 432 So.2d 119 (Fla. 2d DCA 1983).
In order for sexual battery under subsection (5) to be a category 1 necessarily included offense of subsection (3), it must be an essential aspect of the major offense, such that the burden of proof of the major crime cannot be discharged without proving the lesser crime as an essential link in the chain of evidence. Harris v. State, 338 So.2d 880 (Fla. 3d DCA 1976). The court in Harris stated that when a defendant is charged under subsection (3) with the use or threat of use of a deadly weapon, it is unnecessary for the state to allege or prove the use of actual physical force in any degree. "Want of consent under such circumstances stems from fear created by display of the deadly weapon, and not from physical force." Harris, 338 So.2d at 882. In other words, the major crime here could have been proved without the mention of either great or slight force. Thus, sexual battery using slight force is not a necessarily included offense of sexual battery under subsection (3), when the defendant is only charged with the use or threatened use of a deadly weapon.
The question remains then as to whether section 794.011(5) is a category 2, lesser-included offense of section 794.011(3). To qualify as a category 2 lesser-included offense, the information charging the greater offense must allege all the elements of the lesser offense, and the proof must support the allegation of the lesser offense. Gay v. State, 432 So.2d 602 (Fla. 2d DCA 1983). The information here charged Bragg with using a deadly weapon, a firearm, while committing sexual battery. The element of actual physical force is totally lacking from the charging instrument. Since the lesser offense is not spelled out in the accusatory pleading, it was error for the trial court to instruct the jury on the lesser offense of sexual battery with slight force, even though there was proof at trial that *1378 such force was used. Carter v. State, 380 So.2d 541 (Fla. 5th DCA), cert. denied, 388 So.2d 1110 (Fla. 1980); Harris.
Bragg's conviction under subsection (5) effectively acquitted him of the original charge under subsection (3). We must reverse his conviction under subsection (5), since he was not properly charged with that offense. However, the information included sufficient allegations, and there was sufficient evidence to establish his guilt of the lesser-included offense of battery, as proscribed by section 784.03. The court instructed the jury on that offense and, as such, it is appropriate to direct entry of a conviction for that offense. See Dean v. State, 406 So.2d 1162 (Fla. 2d DCA 1981), petition for review denied, 413 So.2d 877 (Fla. 1982).
We find no merit to Bragg's remaining points on appeal. Accordingly, we remand to the trial court with directions to enter judgment of conviction of Bragg for battery, in violation of section 784.03, and impose an appropriate sentence for that offense.
REVERSED and REMANDED.
RYDER and CAMPBELL, JJ., concur.