440 So.2d 8 (1983)
Altha B. GILLESPIE, Appellant,
v.
STATE of Florida, Appellee.
No. AK-364.
District Court of Appeal of Florida, First District.
October 19, 1983.
Rehearing Denied November 30, 1983.
*9 Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
THOMPSON, Judge.
Gillespie appeals his conviction and sentence for sexual battery by using or threatening to use a deadly weapon in violation of § 794.011(3), Fla. Stat. (1981). We affirm.
Of the seven points raised on appeal, only the point contending the trial court committed reversible error by refusing to instruct the jury on the lesser included offense provided in § 794.011(4)(b) merits discussion.
Citing Lomax v. State, 345 So.2d 719 (Fla. 1977) and State v. Abreau, 363 So.2d 1063 (Fla. 1978), Gillespie contends the trial court committed per se reversible error in failing to instruct the jury, as requested, on the lesser included offense of sexual battery by threatening to use force or violence likely to cause serious personal injury, § 794.011(4)(b). Gillespie was charged and convicted of sexual battery by using or threatening to use a deadly weapon, to wit: a knife in violation of § 794.011(3), Fla. Stat. The only evidence in the case is that Gillespie committed a sexual battery by using or threatening to use a deadly weapon, to wit: a knife. Gillespie makes no contention on appeal that a deadly weapon was not used in the commission of the offense. Section 794.011(4)(b) is a category 2 lesser included offense which is not necessarily included in the offense for which Gillespie was charged. If there was any evidence whatsoever that a deadly weapon was not used then it would have been reversible error for the trial judge to have refused to instruct on the lesser included offense. However, in this case, there was no evidence that a knife was not used and it was therefore proper for the trial judge to refuse to instruct on the lesser included offense.
Prior to 1981 the Florida Rules of Criminal Procedure and their predecessor statutes were interpreted by the Supreme Court in Brown v. State, 206 So.2d 377 (Fla. 1968) and in later cases to require instructions on attempts and on all lesser degrees of an offense even when there was no evidence of the lesser included offense or the attempt. Gillespie's reliance on Lomax and Abreau is misplaced because they were prior to the 1981 amendment to the Florida Rules of Criminal Procedure and were controlled by Brown.
Florida Rule of Criminal Procedure 3.510 was amended in 1981 to provide that a judge shall not instruct the jury on an attempt to commit an offense if there is no evidence to support such an attempt and the only evidence proves a completed offense. In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981). It was further amended to provide that "[t]he judge shall not instruct on any lesser included offense as to which there is no evidence." Id. In approving these recommended *10 changes to Rule 3.510, the Supreme Court said:
We do not view these changes as invasions by the trial judge into the province of the jury  our concern in Lomax v. State, 345 So.2d 719 (Fla. 1977). In Lomax a trial judge refused to give a requested lesser offense instruction solely because there was ample evidence to support a guilty verdict on the higher offense. This is to be distinguished from the instant changes, which will eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense. (emphasis added).
In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594, 597 (Fla. 1981). More recently in the case of Bell v. State, 437 So.2d 1057 (Fla. 1983) the Supreme Court held:
In a single count indictment or information on the charge of trafficking, a trial judge, being satisfied that there is sufficient evidence to support the trafficking charge, must so instruct the jury on that charge. Also, the judge must instruct on the lesser included offense of sale and possession if evidence exists of these offenses. (emphasis added).
The amended Rule 3.510(b) and the comments of the Supreme Court in approving this amendment make it absolutely clear that no instruction should be given on a lesser included offense that is not a necessarily lesser included offense of the crime charged when there is no evidence of the lesser included offense.
Juries are finders of fact. They should and do have a wide latitude in finding the facts. Even if the evidence is overwhelming that the defendnt is guilty of the crime with which he is charged, the court must give a charge on a lesser included offense as to which there is any evidence. However, the jury has no right to exercise its "pardon" power if there is no evidence of attempt or of a lesser included offense and no instruction on attempt or lesser included offense should be given in such a situation because it would merely confuse the jury.
The judgment and sentence is AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, C.J., dissents.
ERVIN, Chief Judge, dissenting.
Although there was clearly evidence before the jury from which it could infer that the defendant coerced the victim to submit to a sexual battery by threatening her with a knife, the majority now apparently concludes that because a knife was used, there can be no evidence that the threatening display of the knife involved as well the use of force or violence likely to cause serious personal injury in violation of section 794.011(4)(b). In all due respect to the majority, this holding is a rather bizarre interpretation of the effect of the amendment to Florida Rule of Criminal Procedure 3.510(b), precluding an instruction "on any lesser included offense as to which there is no evidence." (e.s.) The purpose behind the rule's amendment was to make it consistent with the newly adopted schedule of lesser included offenses, which, like rule 3.510(b), went into effect on October 1, 1981. In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981).
The Standard Jury Instructions in Criminal Cases lists the offense provided for in subsection (4)(b) as a category 2 lesser offense  one that may or may not be included depending on the charge and the evidence  to section 794.011(3), the offense for which defendant in the case at bar was convicted. In adopting the schedule of lesser included offenses, the supreme court commented that it was "an authoritative compilation upon which a trial judge should be able to confidently rely." In the Matter of Use by the Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla. 1981). Although it has been held that the approval of the schedule was never intended to bind trial courts rigidly in all *11 circumstances, Smith v. Mogelvang, 432 So.2d 119 (Fla. 2d DCA 1983), the supreme court has clearly intimated that a deviation from it may risk error. In my judgment the deviation in the case at bar was unwarranted.
Two requisites must be satisfied in determining whether subsection (4)(b) may be considered a category 2-lesser included offense to subsection (3): the document charging the greater offense must allege all the elements of the lesser offense and the proof must support the allegation of the lesser offense. See Gay v. State, 432 So.2d 602 (Fla. 2d DCA 1983). There can be little question that the information in the case below meets the first of the two requisites. It alleges that the defendant committed "a sexual battery upon and without the consent of [victim], a person over the age of 11 years, and in the process thereof used or threatened to use a deadly weapon, to wit: a knife, contrary to the provisions of section 794.011(3), Florida Statutes." (e.s.)
The only substantial question remaining is whether the evidence presented meets the second criterion. The majority's opinion quotes from In the Matter of Use by the Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d at 597, to bolster its thesis that no instruction need be given in cases in which "there is a total lack of evidence of the lesser offense." The supreme court's opinion, however, distinguished cases in which there was no evidence to support a charge on lesser included offenses and those cases that did, citing Lomax v. State, 345 So.2d 719 (Fla. 1977), as an example of the latter. Thus, in Lomax, we find that the trial court erred in failing to give instructions on assault with intent to commit robbery and attempted robbery as lesser included offenses to that of robbery. The Lomax opinion in turn cited with approval its former opinion in State v. Terry, 336 So.2d 65 (Fla. 1976), in which it was held to be error for the trial court to refuse requests for instructions on assault and battery and bare assault as lesser offenses to assault with intent to commit murder in the first degree. In each of the above cases I find that the court implicitly recognized that both the evidence and elements of the lesser offenses were present in the greater offense charged  but not necessarily the converse.
Cases decided after the October, 1981 amendment to Florida Rule of Criminal Procedure 3.510(b), precluding instructions on lesser offenses "as to which there is no evidence," reflect a similar pattern as in Lomax and Terry. Thus, in State v. Gibson, (Fla., February 17, 1983), the supreme court was confronted with the question of whether separate sentences and convictions could be imposed for both robbery with a firearm and display of a firearm during the commission of a felony. The court's analysis of the problem turned on whether display of a firearm could be considered a lesser offense to the greater. In holding that it was, the court made the following observations:
The elements of the less serious crime in question here are (1) displaying a firearm (2) while committing or attempting to commit a felony. Thus the lesser crime of displaying a firearm while committing a felony is not a necessarily included offense of [simple] robbery. Where, however, the charge is robbery enhanced or aggravated by the carrying of a firearm, as is the case here, then the greater offense of armed robbery requires proof of all the facts required to be proved to establish the lesser offense of possession of a firearm during the commission of a felony, plus more. Therefore, the latter offense is a lesser included offense of the former.
8 FLW at 77. This analysis is altogether pertinent here. The greater offense of sexual battery by use or threat of use of a deadly weapon requires also proof of all the facts required to prove the lesser offense of sexual battery by coercing the victim to submit by threatening to use force or violence likely to cause serious personal injury  plus the additional fact of the use of a deadly weapon.
Although Harris v. State, 338 So.2d 880 (Fla. 3d DCA 1976), was decided before rule *12 3.510(b)'s amendment, its analysis of whether the offense proscribed by section 794.011(5)  sexual battery by the use of force not likely to cause serious personal injury  can be considered a lesser offense to subsection (3) is altogether pertinent to the issue at bar. There the court observed:
From the wording of subsection 3, it is clear that the legislature intended that it apply to two situations, one of which involves sexual battery with the use or threat of use of a deadly weapon. When a defendant is charged under this provision, it is unnecessary for the State to allege or prove the use of actual physical force in any degree. Want of consent under such circumstances stems from fear created by display of the deadly weapon, and not from physical force.
338 So.2d at 882 (e.s.). Accord Bragg v. State, 433 So.2d 1375 (Fla. 2d DCA 1983).
Consequently, notwithstanding that the Third District did not have the precise question now before us as to whether the offense prohibited by subsection (4)(b) was a lesser included offense to subsection (3), it implied that subsection (4)(b) was an offense that might be included within the greater, in that proof of the lesser offense is satisfied by proof showing that the will of the victim to resist is overcome by a threat to use a deadly weapon. In my judgment this is simply another way of saying that the threatening display of a deadly weapon involves also the threat to use force or violence likely to cause serious personal injury.
Recently the Florida Supreme Court in Bell v. State, 437 So.2d 1057 (Fla. 1983), clarified its rule regarding the imposition of separate convictions and sentences for offenses that arise from the same transaction. It observed that "[f]or double jeopardy purposes lesser included offenses are tantamount to the greater offense charged if all the constituent essential elements of such lesser offenses are included within the elements of such greater offense." 437 So.2d at 1058 (e.s.). The court pointed out that several tests are utilized to determine whether offenses may be considered distinct or the same. One such test involves deciding whether the elements constituent in one statute are sufficiently similar to the elements of another. Id. Thus, if one statutory offense includes all of the elements of the other, both offenses are considered the same for double jeopardy purposes. 437 So.2d at 1060. In concluding that sale and possession of drugs are lesser offenses to trafficking in drugs, the court stated:
By including sale and possession of drugs within the trafficking statute, it is apparent that the legislature intended to facilitate trafficking prosecutions through the use of alternative methods of proof rather than attempting to provide for multiple convictions and punishments for criminal conduct which is basically unitary.
Id.
In examining the statutory offense provided in section 794.011(3), it seems reasonably clear to me that it contains all of the elements present in subsection (4)(b). In my judgment the legislature has, in enacting subsections (3) and (4)(b), simply provided alternative methods of proof for punishing criminal conduct which is basically unitary.
I therefore consider that both the crime charged and the requested lesser offense involve a threat, and the fact that threat of use of a deadly weapon was charged is not inconsistent with a finding that the same conduct of appellant constituted a threat of force or violence likely to cause serious personal injury. Accordingly, if an instruction on section 794.011(4)(b) had been given, and if appellant had been convicted of that crime, the conviction could not have been for a crime not charged in the information. Cf. Hicks v. State, 362 So.2d 730 (Fla. 3d DCA 1978); Smith v. State, 365 So.2d 405 (Fla. 3d DCA 1978).
I otherwise agree with the majority that none of the remaining points raised on appeal requires reversal.