LARRY G. SMITH, Judge.
Appellant was charged with three sexual batteries alleged to have occurred while he was exercising familial, custodial, or official authority over his victims to coerce submission contrary to Section 794.-011(4)(e), Florida Statutes (1981). At the conclusion of the state’s case, in a trial by the court, the trial judge granted a motion for judgment of acquittal as to the crimes charged under Section 794.011(4)(e), but announced his intention to reduce the charges to sexual battery with slight force under Section 794.011(5), and appellant was subsequently convicted of these sexual battery offenses. We affirm.
Appellant concedes that the proof adduced below supports the conclusion that *1082 he used slight force in these sexual batteries. Nevertheless, he contends that Section 794.011(5) is .not a category 2 lesser included offense of Section 794.011(4)(e) because the informations in this case did not allege the use of any force in the performance of these sexual batteries. Bragg v. State, 433 So.2d 1375 (Fla. 2nd DCA 1983).
On the other hand, the state contends and we agree, that appellant has failed to preserve this point for review. When the trial court announced its intention to reduce the charges, defense counsel acquiesced stating: “O.K., then that’s only with — and I don’t agree with that, under this statute, but assume you do agree with the prosecution.... ” This comment did not apprise the trial judge of the specific grounds for appellant’s objection nor did it give the trial judge an opportunity to rule on the question raised in this court which is whether the informations in this case alleged the necessary element of force. Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982); compare Rivers v. State, 425 So.2d 101 (Fla. 1st DCA 1982). No further objection or motion was made during trial pointing out the error now complained of, nor was there any objection to the several verdicts filed by the court, or motion for new trial on the grounds urged here. Moreover, fundamental error is not present in this case since a Section 794.011(5) offense is lesser in degree and penalty than a Section 794.011(4)(e) offense. Ray v. State, 403 So.2d 956, 961 (Fla.1981). The Bragg decision relied upon by appellant is distinguishable because Bragg objected to any instruction that sexual battery with slight force was a lesser included offense of the crime charged.
AFFIRMED.
WIGGINTON and NIMMONS, JJ., concur.