WENTWORTH, Judge.
This is an appeal from a judgment of conviction of assault, unarmed robbery, sexual battery with threats of serious force, and kidnapping. Appellant contends the trial court committed reversible error in charging the jury and receiving a verdict form for sexual battery with threats of force likely to cause serious personal injury. We affirm.
Section 794.011(3), Florida Statutes, under which appellant was charged, provides that:
A person who commits sexual battery upon a person over the age of 11 years, without that person’s consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony ....
The information alleged only the statute’s first alternative method: “used or threatened to use a deadly weapon.” Appellant *633 was convicted of violating § 794.011(4)(b), Florida Statutes, which provides:
A person who commits sexual battery upon a person over the age of 11 years, without that person’s consent, under any of the following circumstances shall be guilty of a felony of the first degree ...:

(b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute these threats.
Appellant argues he was convicted of a crime not charged and not included in the information because he contends the element of force was not alleged in the information.
McClanahan v. State, 377 So.2d 240 (Fla. 2d DCA 1979), and Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983), support the state’s contrary position. In McClana-han the court held:
A charge of sexual battery by threatening to use a deadly weapon would include as a lesser offense ... sexual battery by threatening to use force likely to cause serious personal injury, (e.s.)
In Gillespie the defendant was charged with sexual battery by using or threatening to use a deadly weapon. An issue was whether the trial court should have instructed the jury on the lesser included offense provided for in § 794.011(4)(b). The defendant made no contention on appeal that a deadly weapon was not used in committing the offense. This court held:
Section 794.011(4)(b) is a category 2 lesser included offense which is not necessarily included in the offense for which Gillespie was charged. If there was any evidence whatsoever that a deadly weapon was not used then it would have been reversible error for the trial judge to have refused to instruct on the lesser included offense. However, in this case, there was no evidence that a knife was not used and it was therefore proper for the trial judge to refuse to instruct on the lesser included offense. (e.s.)
In this case the trial court gave a (4)(b) instruction, after evidence was presented from which a jury could determine that a deadly weapon was not used (the victim Weeks testified: “I’m not sure it was a knife, it could have been a fingernail file, it was just a piece of metal.”) The trial court could therefore properly give the (4)(b) lesser included instruction.
Affirmed.
ERVIN, C.J., and BARFIELD, J., concur.