BLUE, Judge.
The State appeals the trial court’s order that granted Veronique Hicks’s motion to dismiss on double jeopardy grounds. We agree with the State that its actions were not in violation of the Double Jeopardy Clause and reverse the dismissal order.
Hicks was charged with aggravated battery. The charging information, as amended, alleged that the offense occurred “from the 25th day of May, 1996, to 26th day of May, 1996, inclusive.” The State’s bill of particulars stated that the offense occurred “between the hours of 10:40 p.m. on May 24, 1996, and 4:40 a.m. on May 25, 1996.” At Hicks’s nonjury trial, the testimony established that the offense occurred on May 26, 1996, between 12:45 and 1:00 a.m. At the close of the State’s case, Hicks moved for a judgment of acquittal on the ground that the State had failed to prove the offense occurred during the time frame contained in the bill of particulars. The trial judge granted Hicks’s motion.
The State then refiled the aggravated battery charge against Hicks. The second information alleged exactly the same dates as were alleged in the prior information. Hicks then filed a motion to dismiss on the ground that jeopardy had attached during the trial on the same factual episode. Following a hearing, the trial judge agreed with Hicks and granted the motion.
Because the result in this case is governed by State v. Brown, 404 So.2d 805 (Fla. 2d DCA1981), we conclude that double jeopardy did not apply. In Brown, the information and bill of particulars alleged that the offenses occurred on or between December 26 and 27, 1979. The evidence at trial established that the offenses occurred on December 24 and 25, 1979. The trial court granted Brown’s motion for judgment of acquittal. The State then filed a second information alleging the offenses occurred on December 25, 1979. This court held that the State did not charge Brown with the same offense twice, rather it charged him with offenses that occurred at different times.
It is the defendant — not the state — who is estopped. The defendant is estopped by virtue of his inconsistent positions in first *1183 claiming as a basis for acquittal the materiality of the date and then contending on the new information that the actual, different date of the alleged offense is immaterial now, so that whatever the day of the alleged offense he was acquitted of it in the first trial.
Brown, 404 So.2d at 806 (quoting State v. Beamon, 298 So.2d 376, 378 (Fla.1974)).
So, too, is Hicks estopped. She held the State to the dates contained in the bill of particulars, which were different than those contained in the information. Therefore, she cannot now raise the defense of double jeopardy.
Accordingly, we reverse the order of dismissal and remand for further proceedings.
PARKER, C.J., and NORTHCUTT, J., concur.