763 So.2d 1187 (2000)
K.H., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1558.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
*1188 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Appellant was tried in a juvenile proceeding on a charge of aggravated battery. At the conclusion of the hearing, the trial court found Appellant guilty of aggravated assault. Aggravated assault, however, is not a lesser-included offense of aggravated battery. See Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983)(en banc).
To be convicted of any lesser-included offense, absent a waiver, the information charging the greater offense must allege the elements of the lesser offense. See, e.g., Gay v. State, 432 So.2d 602, 604 (Fla. 2d DCA 1983). Here, the information did not allege that Appellant committed an act creating a well-founded fear that violence to the victim was imminent, as required by section 784.021, Florida Statutes. Conviction under these circumstances constitutes fundamental error. See Ray v. State, 403 So.2d 956 (Fla.1981), called into doubt on other grounds, Greene v. State, 714 So.2d 554 (Fla. 2d DCA 1998).
We recognize that, notwithstanding this general rule, such an error may be waived where there is no objection raised and defense counsel either requests the improper charge or relies on that charge as evidenced by argument to the jury. See Ray, 403 So.2d at 961. Here, significantly, Appellant played no role in the trial court's decision to convict on the uncharged offense, and it was not incumbent on Appellant to anticipate the court's decision. We, therefore, reverse the conviction.[1]
DELL and TAYLOR, JJ., concur.
NOTES
[1] We note that Appellant recognizes that our opinion does not preclude the state from filing a new information charging Appellant with aggravated assault, if it so elects. See Gay, 432 So.2d at 604.