PER CURIAM.
 

 This is an appeal of an order denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Defendant-appellant Jimmy Lee Barnes a/k/a Jimmy Lee Harris, acknowledges that he previously filed the same claims and the denial of the motion was affirmed in
 
 Barnes v. State,
 
 20 So.3d 857 (Fla. 3d DCA 2009). The defendant argues, however, that his claim should be considered under the manifest injustice exception to the res judicata doctrine.
 
 See State v. McBride,
 
 848 So.2d 287, 291 (Fla.2003). We see no basis on which to revisit the earlier decision.
 

 The defendant maintains that his consecutive sentences in Miami-Dade County circuit court case number 75-5643 are impermissible and that his sentences on those two counts should be concurrent. This issue was decided against the defendant on his direct appeal in
 
 Harris v. State,
 
 338 So.2d 880, 882 (Fla. 3d DCA 1976).
 

 The defendant argues alternatively that the sentencing court erred by allowing 161 days credit for jail time served on count one, but not the consecutive sentence on count two. The defendant’s argument is in error.
 
 See Daniels v. State,
 
 491 So.2d 543, 545 (Fla.1986);
 
 Steadman v. State,
 
 23 So.3d 811 (Fla. 2d DCA 2009). No manifest injustice has been shown.
 

 Affirmed.