OTT, Chief Judge.
Wallace J. Edwards and Michael Ferguson appeal convictions and sentences for grand theft. We affirm in part and reverse in part.
The only issue raised on appeal which has merit is appellant Ferguson’s contention that the trial court erred in setting the amount of restitution Ferguson would be required to pay as a condition of probation without holding a hearing. Fresneda v. State, 347 So.2d 1021 (Fla. 1977), held that a hearing must be held with prior notice to the defendant to determine the amount of restitution to be imposed and that this amount may not exceed the amount of damage the defendant’s criminal conduct caused the victim.
In addition, while this was not raised by either party, the record before us does not reflect that either appellant Edwards’ judgment and sentence or Ferguson’s probation order, which includes an adjudication of guilt, contains the respective appellant’s fingerprints as required by section 921.-241(1), Florida Statutes (1979). Ramos v. State, No. 80-2354 (Fla. 2d DCA, Aug. 5, 1981).
Accordingly, appellants’ convictions are AFFIRMED, but Edwards’ judgment and sentence and the order placing Ferguson on probation are VACATED and the cause REMANDED for entry of proper judgments with appellants’ fingerprints affixed thereto and for a hearing on the amount of restitution to be required of Ferguson as a condition of probation. Edwards’ sentence and Ferguson’s probation order are otherwise AFFIRMED.
HOBSON and BOARDMAN, JJ., concur.