687 So.2d 930 (1997)
Hubert BRITT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1002.
District Court of Appeal of Florida, Fifth District.
February 7, 1997.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
*931 Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The defendant entered a no contest plea to four counts of planting a hoax bomb,[1] six counts of false report about planting a bomb,[2] one count of false report of bombing or arson against state-owned property,[3] and one count of possession or discharging a destructive device.[4] The defendant appeals his sentence, arguing that the trial court improperly imposed a departure sentence without providing written reasons. We affirm.
The sentencing hearing took place on March 15, 1996. At that time, the trial court orally announced its reasons for imposing a departure sentence: (1) the charged offenses created a substantial risk of great bodily harm to others; and (2) "the defendant has in the past been involved in other conduct similar to that involved in the current case." However, at the time the notice of appeal was filed, these statutorily authorized reasons for departure had not been set forth in a written order. Under rule 3.702(d)(18)(A) of the Florida Rules of Criminal Procedure, trial court is required to file a written statement delineating the reasons for departure within fifteen days of the sentencing. In the instant case, the defendant filed a notice of appeal on March 25, 1996, ten days after imposition of sentence but five days before the fifteen day time period elapsed. The filing of this appeal divested the trial court of jurisdiction over this matter and thereby deprived the trial court of the opportunity to enter written findings within the time period provided by the rule. See Domberg v. State, 661 So.2d 285 (Fla.1995). Accordingly, we must affirm. Upon issuance of the mandate in this case, the trial court will have five days within which to comply with rule 3.702(d)(18)(A) by providing written reasons for departure.
AFFIRMED.
PETERSON, C.J., concurs.
GRIFFIN, J., concurs in result.
NOTES
[1] § 790.165(2), Fla. Stat. (1995).
[2] § 790.163, Fla. Stat. (1995).
[3] § 790.164, Fla. Stat. (1995).
[4] § 790.161, Fla. Stat. (1995).