ON MOTION TO DISMISS

PER CURIAM.
This matter is before the court on the state’s motion to dismiss, which we deny. The state urges that by failing to assert below the lower court’s failure to file written reasons for departure in a Rule 3.800(b) motion, this court is deprived of jurisdiction. The failure to file a Rule 3.800(b) motion to correct sentence is not fatal to jurisdiction in a case such as this involving a (potential) post-sentencing omission of the lower court. The supreme court devised Rule 3.800(b) as a vehicle to raise sentencing errors not otherwise raised at sentencing. The appellant retains the right to challenge errors made if the error is preserved; in this ease, however, these arguments are irrelevant because this appeal was filed before the deadline for the filing of the written reasons for departure.
Although we deny the motion to dismiss, we have elected to summarily affirm.[1] As we indicated in Britt v. State, 687 So.2d 930 (Fla. 5th DCA 1997), a defendant who appeals the failure to file written reasons for departure before the trial court’s deadline for filing written reasons for departure cannot expect to prevail on a claim of error that no written reasons were timely filed. We accordingly affirm as we did in Britt. Also, as in Britt, upon the issuance of the mandate, the lower court will have the time that was remaining when the appellant filed the notice of appeal within which to file its written reasons.[2] If they are not timely filed after jurisdiction returns to the circuit court, appellant will have recourse to Rule 3.800(b). Under Britt, defendant has squandered his right to appeal the issue.
AFFIRMED.
DAUKSCH, W. SHARP and GRIFFIN, JJ., concur.

. See Fla.R.App.P. 9.315(a).

. The parties appear to disagree about how much time the lower court had to file the written reasons.