695 So.2d 887 (1997)
Lawrence D. BASHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03142.
District Court of Appeal of Florida, Second District.
June 20, 1997.
*888 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
DANAHY, Acting Chief Judge.
A jury found the appellant guilty of driving under the influence. The trial court sentenced the appellant to sixteen months in prison, with credit for time served, to be followed by forty-four months' probation. On this appeal the appellant raises one issue concerning his trial and two issues concerning aspects of his sentence. We find no merit in the first issue and affirm the appellant's conviction. We agree in part with the matters raised in the second and third issues.
Condition (10) states "you will pay restitution, costs, and/or fees, plus a 4% processing fee per payment. All monetary obligations will be made in equal monthly installments." As worded, this condition is not listed in the form order of probation under Florida Rule of Criminal Procedure 3.986; nor is it a statutorily authorized condition. Therefore, it was required to be orally pronounced. Since it was not, we strike Condition (10).
Condition (12) states that "you will submit to urinalysis, breathalyzer or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances. You shall be required to pay for such tests unless payment is waived by your officer." We strike the second sentence of Condition (12) because it is a special condition not orally pronounced. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
The appellant's third issue raises objections to the assessment against him of court costs in the amount of $255 and an attorney's fee of $1,000. His objections are well taken. The $255 in court costs must be stricken because there is no statutory citation for the assessment contained in the appellant's sentence. See Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996). However, the costs may be reimposed with reference to the appropriate statutory authority. Allen v. State, 692 So.2d 970 (Fla. 2d DCA 1997).
In imposing an attorney's fee of $1,000 at sentencing, the trial court failed to advise the appellant of the statutory authority for its imposition, section 27.56, Fla. Stat. (1995); nor did the trial court advise the appellant of his right to contest the amount of the fees. See § 27.56(7), Fla. Stat. (1995); Fla. R.Crim. P. 3.720; Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla.1987). Accordingly, we reverse the assessment of attorney's fees in the amount of $1,000.
On remand, the appellant shall be given thirty days from the date of the mandate to file a written objection to the amount of attorney's fees imposed. If the appellant objects, the fees shall be stricken but may be reimposed based on the trial court's findings following a fee hearing. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Except as specified herein, the appellant's sentence is affirmed.
Conviction affirmed; sentence affirmed in part and reversed in part; certain conditions of probation stricken.
QUINCE and WHATLEY, JJ., concur.