777 So.2d 977 (1999)
Walter L. RICHIE, Appellant,
v.
STATE of Florida, Appellee.
No. 99-01944.
District Court of Appeal of Florida, Second District.
December 15, 1999.
PER CURIAM.
Walter L. Richie appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to two of his claims only. Richie pleaded guilty to multiple charges for which he scored a maximum of fourteen years and eleven months in prison. The court sentenced him to a downward departure sentence of fourteen years and eleven months in prison, with nine years and eleven months suspended to be served on a combination of community control and probation. Richie alleges that his counsel was ineffective for failing to object to multiple scoresheet errors of which Richie apprised him and which would reduce his presumptive score by thirty-one months. Assuming that Richie is correct about the scoresheet errors, his sentence represents a downward departure from even the bottom of a properly prepared scoresheet.
Failure to object to scoresheet errors constitutes ineffective assistance of counsel and entitles a prisoner to postconviction relief if counsel failed to object to errors of which counsel knew or should have known and the inclusion of the erroneous points affected the sentence. See Manuel v. State, 629 So.2d 1052 (Fla. 2d DCA 1993). Thus, a defendant may be entitled to relief from a miscalculated scoresheet even where a downward departure sentence is imposed. See, e.g., Terrell v. State, 668 So.2d 656 (Fla. 2d DCA 1996) *978 (reversing for resentencing where the trial court believed that it was imposing a departure sentence but if prisoner's contentions of scoresheet error were correct, he actually received a guideline sentence).
In this case, the sentencing judge at the departure hearing asked what Richie scored before determining the downward departure sentence. The trial court then imposed the maximum guideline sentence and suspended a portion of it. Under these circumstances, Richie's sentence may have been affected by the additional thirty-one points which he alleges were erroneously included. Therefore, we reverse and remand for an evidentiary hearing. If Richie's claims prove true, he shall be entitled to be resentenced based on a corrected scoresheet.
Richie also alleges that the trial court erred in imposing a public defender lien without advising him of his right to contest the amount of the lien. Such a claim is cognizable in a rule 3.850 proceeding. See Lewis v. State, 629 So.2d 1051 (Fla. 2d DCA 1993). When a public defender lien is imposed, "[n]otice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of the sentence." Fla. R.Crim. P. 3.720(d)(1). This court has repeatedly held that it is error to impose such a lien without giving the defendant the required notice. See, e.g., Basham v. State, 695 So.2d 887 (Fla. 2d DCA 1997).
Neither the purported waiver in the affidavit of insolvency nor the acknowledgment in the plea form that a lien is being imposed is sufficient to waive Richie's right to such notice. See Bull v. State, 548 So.2d 1103 (Fla.1989) (holding waiver in insolvency affidavit invalid to waive defendant's right to notice and opportunity to be heard regarding public defender lien); Nieves v. State, 678 So.2d 468 (Fla. 5th DCA 1996) (holding that acknowledgment in plea form that did not state amount of lien or include express waiver of right to contest amount was not sufficient to waive defendant's right to notice required by rule 3.720(d)(1)).
Therefore, we reverse and remand. If the trial court again denies this claim, it must attach record documents which conclusively show that Richie was informed of his right to contest the amount of the lien. If Richie's claim cannot be refuted, the court shall give him thirty days in which to file a written objection to the public defender lien. See Basham, 695 So.2d at 888. If he does so, the lien shall be stricken, but it may be reimposed based on the trial court's findings after a fee hearing. See id.
Richie's other claims are without merit, and the trial court's order is affirmed as to them.
Affirmed in part; reversed in part; and remanded.
FULMER, A.C.J., and GREEN and CASANUEVA, JJ., Concur.