840 So.2d 436 (2003)
Tommy BYRD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0006.
District Court of Appeal of Florida, First District.
March 21, 2003.
Nancy A. Daniels, Public Defender and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Bryan Jordan, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
*437 PER CURIAM.
The defendant's ten-year sentence is reversed to the extent that purports to enhance the statutory maximum for the crime of battery on a law enforcement officer under the Releasee Reoffender statute. The defendant's classification as a releasee reoffender resulted in the imposition of a five-year mandatory minimum, but it did not extend the five-year maximum that otherwise applies to a third degree felony. The outer limit of the sentence in this case was properly enhanced by the trial court's concurrent classification of the defendant as a habitual offender.
We recognize that the trial court attempted to correct this error by granting the defendant's motion under rule 3.800(b). However, the order was not effective to modify the original sentence, because it was rendered after the expiration of the period in which the trial court had jurisdiction. See Blake v. State, 814 So.2d 1163, 1164 (Fla. 1st DCA 2002); Wilson v. State, 792 So.2d 601 (Fla. 4th DCA 2001); Kimbrough v. State, 766 So.2d 1255, 1256 (Fla. 5th DCA 2000). Therefore, we must reverse and remand for resentencing.
On remand, the trial court shall make it clear that the defendant was not sentenced to ten years as a releasee reoffender, but rather that he received a ten year sentence under the habitual offender statute with a five year mandatory minimum under the releasee reoffender statute. The defendant need not be present at resentencing. In all other respects the sentence is affirmed.
Affirmed in part and reversed in part.
BARFIELD, KAHN and PADOVANO, JJ., concur.