PER CURIAM.
The state petitions for a writ of certiora-ri to review the trial court’s order terminating probation. We grant the petition and quash the order terminating probation, because the trial court was without jurisdiction to modify the defendant’s sentence of probation during the pendency of an appeal.
M.R.T., a juvenile, was found guilty of battery, adjudicated delinquent, and placed on probation for one year. M.R.T. filed a timely notice of appeal on October 23, 2002. On March 6, 2003, while M.R.T.’s appeal was pending, the trial court granted M.R.T.’s motion to terminate probation.
The authority conferred upon the trial court to terminate probation is a matter of grace. § 948.05, Fla. Stat. (2002). Thus, the court’s decision is not appealable. Burgos v. State, 765 So.2d 967 (Fla. 4th DCA 2000). See also, Thompson v. State, 840 So.2d 352 (Fla. 5th DCA 2003). However, where the court is without jurisdiction to exercise that discretion, review by certiorari is appropriate. See, State v. Swett, 772 So.2d 48 (Fla. 5th DCA 2000); State v. Rhodes, 554 So.2d 1229 (Fla. 2d DCA 1990). The filing of M.R.T.’s notice of appeal divested the trial court of jurisdiction to terminate probation. Britt v. State, 687 So.2d 930 (Fla. 5th DCA 1997); Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991).
We grant the writ, quash the order terminating probation, and remand with instructions that the trial court reinstate the original sentence.
PETITION GRANTED; ORDER QUASHED.
SHARP, W„ PLEUS and TORPY, JJ., concur.