866 So.2d 144 (2004)
Jermaine Tyrone HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3409.
District Court of Appeal of Florida, First District.
February 13, 2004.
Nancy A. Daniels, Public Defender; Anne H. Dunlap, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This direct criminal appeal was brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm the convictions and sentences, but reverse that part of the probation order that included a special condition of probation that was not orally pronounced at sentencing.
Condition twelve of the order of probation provides that the appellant will submit to urinalysis, breathalyzer, or blood tests at any time. The last line of condition twelve states "[y]ou shall be required to pay for the tests unless payment is waived by your officer." However, the last line was not orally pronounced at sentencing.
The appellant filed a rule 3.800(b) motion, wherein he contends that the trial court erred in entering a probation order, which included a special condition that he pay for drug and alcohol testing, when the *145 condition was not orally pronounced at sentencing. The trial court granted the motion sixty-four days after the motion was filed. However, because the order was issued outside of the sixty-day time limit for rule 3.800(b) motions, the trial court's order is a nullity and the appellant's motion is deemed denied. See Byrd v. State, 840 So.2d 436 (Fla. 1st DCA 2003); Robinson v. State, 850 So.2d 658 (Fla. 1st DCA 2003); Fla. R.Crim. P. 3.800(b)(1)(B)(2003). Nonetheless, by filing a rule 3.800(b) motion, the appellant preserved this issue for consideration on direct appeal. See Fla. R.App. P. 9.140(e)(2)(2003); see also In re Anders Briefs, 581 So.2d 149, 152 (Fla.1991) (holding that an indigent defendant does not lose his Anders rights because counsel is able to identify relatively minor sentencing issues).
The condition imposed upon the appellant, that he pay for alcohol and drug testing, is a special condition of probation that must be pronounced orally in order to be properly imposed on a probationer. See Fla. R.Crim. P. 3.986 (2003); Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992)(holding that all special conditions of probation must be orally pronounced at sentencing). Accordingly, this case must be remanded to the trial court to strike the offending condition, so that the written order of probation conforms to the oral pronouncement. See Pyle v. State, 596 So.2d 744 (Fla. 1st DCA 1992). The appellant's judgment and sentence is otherwise affirmed.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
BARFIELD, KAHN, and HAWKES, JJ., concur.