926 So.2d 437 (2006)
Gregory Allen LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5480.
District Court of Appeal of Florida, First District.
April 7, 2006.
*438 Appellant, pro se.
Charlie Crist, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order denying in part and granting in part his rule 3.800(a) motion. His first claim is facially insufficient and without merit. In his second claim, the appellant requests his conviction and sentence be vacated where the written judgment and sentence contains a fingerprint card bearing the name of Marcus Eugene Greene, Jr., as opposed to the appellant's name.
The trial court granted the appellant relief on this ground by directing the Clerk of the Court to amend the fingerprint card accordingly. It appears the trial court should have vacated the appellant's judgment and sentence and subsequently entered a proper written judgment and sentence with a corrected fingerprint card. See Edwards v. State, 422 So.2d 24 (Fla. 2d DCA 1982).
However, where an appellant makes a fact-based challenge to the lawfulness of his conviction, the appellant's claim is not cognizable in a rule 3.800(a) motion and should be raised in a rule 3.850 motion. See Martell v. State, 676 So.2d 1030 (Fla. 3d DCA 1996); Yates v. State, 556 So.2d 501, 502 (Fla. 1st DCA 1990); Wiley v. State, 604 So.2d 6 (Fla. 1st DCA 1992) (citing Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990); Gandy v. State, 560 So.2d 1363, 1364 (Fla. 1st DCA 1990); State v. Spella, 567 So.2d 1051, 1052 (Fla. 5th DCA 1990)). In the instant case, the appellant's claim requires a fact-based inquiry conducted through an evidentiary hearing to test the validity of the fingerprint card.
This court does have the authority to convert a rule 3.800(a) action into a 3.850 proceeding where appropriate. See Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). However, where an appellant fails to include an oath, the motion cannot be treated as a rule 3.850 motion. See Stoutamire v. State, 710 So.2d 744 (Fla. 1st DCA 1998). Here, the appellant's motion is not properly sworn as required by rule 3.850, and thus, the appellant's motion cannot be treated as a rule 3.850 motion.
Accordingly, we affirm the order partially denying and partially granting the appellant's rule 3.800(a) motion, but do so *439 without prejudice to appellant's refiling his second claim in a timely and sworn rule 3.850 motion. See Stoutamire, 710 So.2d. at 744.
AFFIRMED.
WOLF, WEBSTER and BROWNING, JJ., concur.