PER CURIAM.
Adam Berchin petitions this court for a writ of certiorari to quash the trial court order denying his rule 3.800(c) motion to modify a special condition of probation.
Petitioner was convicted of battery of a person over the age of sixty-five, and was sentenced to a two year probationary sentence. As a special condition of his probation petitioner was to reside at Avondale Manor, an assisted living facility. Forty-two days after sentence was imposed petitioner filed an emergency motion to modify his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Petitioner re *660 quested the trial court allow him to reside at Abbey Manor, another assisted living facility, as he feared for his safety at Avon-dale Manor.
The circuit court in this case ruled that the motion was “improper,” stating probation can only be modified when a warrant alleging a violation of probation is filed. However, the circuit court did have the authority and discretion to rule upon the merits of petitioner’s motion. See State v. Watson, 909 So.2d 942, 945 (Fla. 5th DCA 2005) (stating that probation is a matter of grace and if a trial judge chooses, it can exercise discretion to extend or modify probation following a violation) (citations omitted); State v. M.R.T., 848 So.2d 467, 467 (Fla. 5th DCA 2003) (finding that a trial court has discretion to exercise jurisdiction and terminate probation at any time pursuant to section 948.05, Florida Statutes).
A trial court has authority to modify or rescind the terms or conditions of probation imposed by it at any time. § 948.03(2), Fla. Stat. (2006). In Clark v. State, 579 So.2d 109, 111 (Fla.1991), the Florida Supreme Court held that “[ajbsent proof of a violation, the court cannot change an order of probation or community control by enhancing the terms thereof, even if the defendant has agreed in writing with his probation officer to allow such a modification and has waived notice and hearing.” To determine whether a modification is an enhancement of probation, one must look to see whether the condition as changed is more restrictive than the original condition. Gerber v. State, 856 So.2d 1113, 1115 (Fla. 4th DCA 2003).
Petitioner is attempting to modify the special condition of his probation that mandates he live at the Avondale Manor assisted living facility. Changing the probationary term to allow petitioner to live instead at the Abbey Manor assisted living facility is not an enhancement of the probationary term, as there is no indication that the new assisted living facility is more restrictive than the current assisted living facility.
Therefore the trial court departed from the essential requirements of law in determining that it could not consider modifying the petitioner’s special condition of probation without the state filing a warrant of violation of probation. Accordingly, we grant the petition for writ of certiorari and remand to the circuit court to consider the motion on its merits and to hold an eviden-tiary hearing to determine if there is a basis for petitioner’s fears of physical abuse at the assisted living facility.
FARMER, SHAHOOD and MAY, JJ., concur.