974 So.2d 578 (2008)
Stanley Mac BENNER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3069.
District Court of Appeal of Florida, First District.
February 19, 2008.
*579 Stanley Mac Benner, pro se, Appellant.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion, in which he asserts that he was improperly sentenced to drug offender probation because his DUI conviction was not an offense contained within chapter 893, Florida Statutes, as required by sections 948.034 and 948.20, Florida Statutes.
When denying Appellant's 3.800(a) motion, the postconviction court clarified that the drug offender portions of Appellant's probation were not imposed pursuant to sections 948.034 or 948.20, Florida Statutes. Rather, the trial court had imposed standard probation with special drug offender conditions. However, the trial court failed to orally pronounce the special conditions at the time they were imposed. See State v. Williams, 712 So.2d 762 (Fla. 1998) (holding special condition of probation had to be pronounced orally to be properly imposed); Holmes v. State, 866 So.2d 144, 145 (Fla. 1st DCA 2004) (same).
Here, the trial court orally pronounced the special conditions that Appellant not consume any alcohol or nonprescribed drugs during his probation. Consequently, those conditions are valid and are AFFIRMED. However, the trial court failed to orally pronounce the requirement that Appellant complete a substance abuse treatment program at his own expense. Consequently that condition is REVERSED.
AFFIRMED in part, and REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BARFIELD, WOLF, and HAWKES, JJ., Concur.