PER CURIAM.
Appellant, Headly Edwards, appeals the order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. One of Edwards’ four claims is that the sentencing court did not advise him of his right to challenge the public defender fees assessed against him. The lower court held the claim should have been raised on direct appeal and is not cognizable in a motion for post-conviction relief. However, Florida courts have held that defendants have the right to utilize post-conviction proceedings to challenge a lack of notice and opportunity to contest fees assessed against them. See Hall v. State, 784 So.2d 491, 492 (Fla. 4th DCA 2001); Lewis v. State, 629 So.2d 1051, 1052 (Fla. 2d DCA 1993). On remand, Edwards shall have 30 days from the issuance of our mandate to file a written objection to the *336 amount of the fees imposed by the trial court. If an objection is filed, the trial court shall conduct a hearing. Otherwise, the trial court may reimpose the public defender fees without a hearing. See White v. State, 32 So.3d 132 (Fla. 2d DCA 2010).
AFFIRMED in part; REVERSED in part; REMANDED.
PALMER, COHEN and JACOBUS, JJ., concur.