PER CURIAM.
Travessa E. Merricks appeals an order summarily denying his motion for postcon-viction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. The trial court treated the motion as a motion for correction of illegal sentence pursuant to rule 3.800(a). We affirm without prejudice to his raising below an issue he raises for the first time in this appeal.
We agree with the state that the clarification of the sentencing judge’s probation and community control orders did not constitute an enhancement of his sentence without a violation, under the facts of this case. Compare Lippman v. State, 633 So.2d 1061 (Fla.1994), with Berchin v. State, 938 So.2d 659 (Fla. 4th DCA 2006). The trial court added electronic monitoring with an ankle bracelet during the period of time when Merricks would reside at home, until he could be admitted into a suitable group home of the sort which had been ordered by the original sentencing judge— terms to which he specifically agreed during the clarification hearing.
Merricks’s additional argument on appeal requiring him to pay the costs of his electronic monitoring is a hardship in light of his indigence[1] is procedurally barred because it was not raised in the motion below. Hamilton v. State, 875 So.2d 586, 593 n. 4 (Fla.2004) (citing Thompson v. State, 759 So.2d 650, 668 n. 12 (Fla.2000)).
However, we note the transcript of the clarification hearing reflects that the trial court never orally pronounced that Merricks would be responsible for paying the costs of electronic monitoring. The trial court may not impose the obligation to pay costs of electronic monitoring without orally pronouncing it. Brooks v. State, 649 So.2d 329 (Fla. 5th DCA 1995) (vacating special condition requiring appellant to pay $1 per day for costs of electronic monitoring during period of his community control because condition was not orally pronounced at sentencing and because trial court failed to reference statutory authority for imposition of such costs). Further, the discrepancy between a written sentence and the oral pronouncement is cognizable in a rule 3.800(a) motion. Williams v. State, 957 So.2d 600 (Fla.2007) (holding that claim asserting discrepancy between oral pronouncement and written sentence is cognizable in rule 3.800(a) proceeding, as written sentence that conflicts with the oral pronouncement is an illegal sentence, since the oral pronouncement controls and is the legal sentence). Accordingly, the instant affirmance is without prejudice to Merricks’s filing another motion specifically challenging the part of the written clarification order that required him to pay the costs of his electronic monitoring.

Affirmed without prejudice.

WARNER, GERBER and LEVINE, JJ., concur.

. Probation cannot be revoked for failure to pay the costs of electronic monitoring unless the violation is willful, which requires the state to present evidence that the defendant had the ability to make such payments. Baker v. State, 789 So.2d 410 (Fla. 4th DCA 2001).