WARNER, J.
The trial court denied appellant’s motion to correct an illegal sentence, imposed in 2006, in which he argued that the trial court failed to orally pronounce various statutorily authorized costs which were included in his -written sentence, making his sentence illegal. We agree with the state that statutory costs and fees, which were not orally imposed, may not be challenged through a rule 3.800(a) motion. We hold a failure to orally pronounce costs imposed on the defendant is not a sentencing error which results in an illegal sentence correctable pursuant to Florida Rule of Criminal Procedure 3.800(a).
In this case, the appellant seeks the deletion of certain costs and fees which were not orally pronounced, yet appeared in his sentencing orders. Some were mandatory by statute, and some were discretionary. All were imposed in written orders at sentencing. Appellant did not file a motion pursuant to rule 3.800(b) to correct his sentence, and he did not raise the issue on appeal. Five years later, he filed this motion pursuant to rule 3.800(a) to correct his sentence by deletion of the costs.
In Merricks v. State, 90 So.3d 893, 894 (Fla. 4th DCA 2012), in affirming the deni *579 al of a motion to correct an illegal sentence, we mentioned in dicta that a failure to orally pronounce the imposition of costs rendered the sentence illegal for purposes of rule 3.800(a) relief. We conclude, however, that our statement in Merricks is at odds with both Maddox v. State, 760 So.2d 89 (Fla.2000), and Jackson v. State, 983 So.2d 562 (Fla.2008).
In Maddox, our supreme court addressed whether an unpreserved sentencing error in the assessment of costs could be corrected on direct appeal from a sentence. 760 So.2d at 108-10. Noting that the addition of rule 3.800(b) permits a defendant to seek correction of a sentence imposing costs of which the defendant may have been unaware at the sentencing hearing, the supreme court concluded “that an unpreserved error in the assessment of costs cannot be considered a serious, patent sentencing error that should be corrected on appeal as fundamental in the absence of proper preservation in the trial court.” Id. at 109. Furthermore, the court applied the same rule as it applied to the failure to orally pronounce conditions of probation:
As with the pending cases in which the defendant asserts error because of a deviation from the oral pronouncement imposing conditions of probation, in none of the pending cases where the defendant asserts an improper error in the imposition of a cost has the appellant made a claim that the appellate record establishes that he or she did not have notice of the imposition of the costs in time to file a rule 3.800(b) motion.
Id. at 110. The court directed the court to correct “serious, patent sentencing errors,” mainly those that impact the length and conditions of sentences. Id. The erroneous imposition of costs did not fall into those categories.
Jackson relied on Maddox and explained that the unauthorized imposition of costs does not rise to the level of an illegal sentence.
There are “sentencing errors” to which the defendant may have had an opportunity to object that do not result in an “illegal” sentence or a sentence otherwise subject to correction under rule 3.800(a). For example, the imposition of costs without statutory authority is a “sentencing error” for purposes of rule 3.800(b). See Maddox, 760 So.2d at 109 (recognizing that the unpreserved “sentencing error” at issue in Maddox involved improper imposition of six dollars in costs without statutory authority); see also Fla. R.Crim. P. 3.800 court cmt. (explaining that an error in a cost or restitution order is a “sentencing error” for purposes of the rule).
983 So.2d at 574. Thus, the supreme court again refused to treat the unauthorized imposition of costs like those errors which affect the length or conditions of punishment which are correctable by rule 3.800(a).
We conclude that our statement in Mer-ricks that failure to orally pronounce the imposition of costs results in an illegal sentence correctable under rule 3.800(a) was in error. Maddox and Jackson both teach that the imposition of costs, even when not orally pronounced, is not the type of sentencing error for which rule 3.800(a) was intended to provide relief. Instead, the defendant can seek relief from unauthorized costs, including the failure to orally impose such costs, through rule 3.800(b) after sentencing. To correct such minor errors years later, involving substantial resources at both the trial and appellate level, reduces judicial resources to devote to serious issues before the courts. While Merricks correctly cited Williams v. State, 957 So.2d 600 (Fla. *580 2007), for the proposition that rule 3.800(a) provides the means to correct discrepancies between an oral pronouncement of a sentence and the written sentence, Williams involved a difference in the length of punishment imposed. We have not located a case in which our supreme court has applied rule 3.800(a) to correct the imposition of costs not orally imposed.
Two cases have used rule 3.800(a) to strike costs not orally pronounced. See Strickland v. State, 56 So.3d 906 (Fla. 5th DCA 2011); Benner v. State, 974 So.2d 578 (Fla. 1st DCA 2008). Strickland relied on Williams. We certify conflict with those cases.
We therefore affirm the summary denial of the motion to correct a sentencing error, concluding that such errors in the assessment of costs, even if not orally pronounced, are not subject to correction through rule 3.800(a).
MAY, C.J., and GROSS, J., concur.