NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CLIFTON LINDQUIST,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )       Case No.  2D14-1692
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

Opinion filed December 3, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

Clifton Lindquist, pro se.

VILLANTI, Judge.

Clifton Lindquist appeals the postconviction court's order summarily

denying his motion filed under Florida Rule of Criminal Procedure 3.800(a).  We affirm

as to all grounds but write to comment on one of the issues raised by Lindquist.

After Lindquist entered a negotiated plea to felony charges in 1998, the

court sentenced him as a violent career criminal to a mandatory term of thirty years in

prison.  The court also imposed various costs and fees and ordered restitution to the

victim.  In his rule 3.800(a) motion filed fifteen years after he was sentenced, Lindquist

challenged the trial court's imposition of costs and fees on the ground that no one—the

trial judge, his attorney, or the prosecutor—informed him of his right to contest them. Relying on the Fourth District's opinion in Walden v. State, 112 So. 3d 578 (Fla. 4th DCA 2013), the postconviction court denied Lindquist's motion, noting that challenges to the imposition of court costs are not cognizable under rule 3.800(a). We agree with the postconviction court's analysis.

Lindquist requests that he be granted a new sentencing hearing to correct the allegedly illegal imposition of costs. However, Lindquist's specific claim takes issue with the procedure employed during sentencing, as opposed to the actual sentence imposed, and is not cognizable in a rule 3.800(a) motion. See Steward v. State, 931 So. 2d 133, 134 (Fla. 2d DCA 2006) ("Steward's claims contesting the sentencing procedure are procedurally barred in a rule 3.800(a) motion."); Judge v. State, 596 So. 2d 73, 77 (Fla. 2d DCA 1991) (en banc) ("[Rule 3.800(a)] is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process."). In contrast, this court has held that such challenges may be raised in a timely motion for postconviction relief under rule 3.850. See Richie v. State, 777 So. 2d 977, 978 (Fla. 2d DCA 1999); Townsend v. State, 604 So. 2d 885, 885 (Fla. 2d DCA 1992). But the time for Lindquist to file such a motion expired many years ago. See Fla. R. Crim. P. 3.850(b).

Like the Fourth District in Walden, 112 So. 3d at 580, we hold that challenges to the imposition of costs and fees are not cognizable under rule 3.800(a). Accordingly, the postconviction court's order is affirmed.

Affirmed.


NORTHCUTT and LaROSE, JJ., Concur.

- 2 -