DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAMUEL CALIXTE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3547

[March 18, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Kastrenakes, Judge; L.T. Case No. 98CF001758BXX.

Samuel Calixte, Bowling Green, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the circuit court's denial of the defendant's Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence, but for reasons other than those upon which the circuit court relied.

The defendant's motion raised three claims. First, the defendant claimed that the sentencing court based its upward departure sentence on unscored juvenile offenses. *See Puffinberger v. State*, 581 So. 2d 897 (Fla. 1991). We agree with the state's response that an alleged error in departure reasons does not establish an "illegal sentence" which can be corrected at any time under rule 3.800(a). *See Wright v. State*, 911 So. 2d 81, 83-85 (Fla. 2005). Further, the sentencing court did not depart based on unscored juvenile offenses, so *Puffinberger* is inapplicable.

Second, the defendant claimed that the sentencing court's departure was improper because the court made factual findings beyond those which the jury determined. The defendant alleges such factual findings violated a new rule of law established in *Blakely v. Washington*, 542 U.S. 296

(2004). However, *Blakely* does not apply retroactively to the defendant's 1998 sentence. *See State v. Johnson*, 122 So. 3d 856, 862 (Fla. 2013).

Third, the defendant claimed that the sentencing court impermissibly relied on conduct for which he was acquitted. However, this claim does not establish an "illegal sentence" which can be raised at any time. *See Bover v. State*, 797 So. 2d 1246, 1249 (Fla. 2001) (rule 3.800(a) "is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process") (citation and internal quotation marks omitted); *Carter v. State*, 786 So. 2d 1173, 1178 (Fla. 2001) ("To be illegal within the meaning of rule 3.800(a) *the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.*") (citation and internal quotation marks omitted). Rule 3.800(a) provides relief for a narrow category of cases where the punishment imposed is not authorized as a matter of law. *Judge v. State*, 596 So. 2d 73, 77 (Fla. 2d DCA 1992). The defendant's claim that his right to due process was violated during the sentencing proceedings in 1998 cannot be raised at any time in a rule 3.800(a) motion.

*Affirmed.*

WARNER, GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***