SAWAYA, J.
There are a variety of errors that may occur in the course of sentencing a criminal defendant. The Florida Supreme Court has adopted Florida Rule of Criminal Procedure 3.800 to provide a mechanism for the correction of sentencing errors. Certain errors, including illegal sentences, may be corrected at any time under rule 3.800(a). The more encompassing rule is rule 3.800(b), which provides time requirements for correction of “any sentencing error.” Nathaniel Durant alleged in a rule 3.800(a) motion filed approximately five years after he was sentenced that the trial court rendered an illegal sentence when it entered a written sentencing order that imposed costs and fees that were not orally announced during the sentencing hearing. Durant argues that pursuant to Strickland v. State, 56 So.3d 906, 907 (Fla. 5th DCA 2011), the trial court erred in denying his motion. To the extent Strickland holds that errors in the imposition of fees and costs constitute an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), we recede from Strickland. The following discussion and analysis reveal why we have come to that decision.
In May 2009, Durant was convicted of lewd and lascivious touching of a child under twelve and sentenced to twenty-five *996 years’ imprisonment followed by ninety years of sex offender probation. Fees and costs were also imposed. After his conviction and sentence were subsequently affirmed by this court, Durant commenced his quest for post-conviction relief, filing first a motion pursuant to rule 3.850 raising one claim of ineffective assistance of counsel. That motion was denied by the trial court, and this court affirmed. We now review his sequel to that motion. It consists of a motion filed on November 4, 2014, which alleges that the fees and costs imposed in the written sentencing order are illegal and correctable under rule 3.800(a) because they were not orally announced at sentencing. Durant also alleged in the motion that the eight percent interest rate applicable to those assessed costs is illegal and that one cost assessment was imposed without statutory authority. The trial court summarily denied the motion, concluding:
The Defendant ... claims that certain costs and fees imposed as part of his sentence are illegal. However, errors in the assessment of costs in a sentence, even if not orally announced, are not subject to correction through Fla. R. Crim. P. 3.800(a). Walden v. State, 112 So.3d 578 (Fla. 4th DCA 2013).
In his appeal to this court, Durant argues that the trial court erred in relying on the decision in Walden rather than this court’s decision in Strickland,. We ordered the State to respond specifically to Durant’s argument based on Strickland. The State asserted in its response that the trial court correctly held that the errors alleged by Durant are not cognizable in a rule 3.800(a) motion as an illegal sentence and that this court should recede from its decision in Strickland. The opinion in Strickland states in pertinent part:
We affirm, except as to Strickland’s claim that the trial court’s oral pronouncement of sentence with regard to costs conflicted with the written judgment.
The Florida Supreme Court has held that an alleged discrepancy between the orally pronounced sentence and the written judgment of sentence is cognizable in a Rule 3.800(a) motion to correct illegal sentence. Williams v. State, 957 So.2d 600 (Fla.2007). The State concedes that, as to this issue, reversal is required because the trial court failed to attach documentation to its order conclusively refuting Strickland’s claim.
Strickland, 56 So.3d at 906-07.[1] We agree with the State.
Although rule 3.800(a) applies to correct an “illegal sentence,” it does not provide a definition of that term, so the courts have fashioned one. The Florida Supreme Court stated that an illegal sentence for purposes of rule 3.800(a) proceedings is a sentence “that no judge under the entire body of sentencing laws could possibly impose.” Wright v. State, 911 So.2d 81, 83 (Fla.2005) (citing Carter v. State, 786 So.2d 1173, 1178 (Fla.2001)). Pursuant to this definition, “the illegality must be of a fundamental nature.” Id. at 84.
The fact that the courts say that the error must be of a “fundamental nature” to be illegal does not mean that the concept of “fundamental error” for purposes of appellate review equates to the concept of “illegal sentence” under rule 3.800(a). In Maddox v. State, 760 So.2d 89 (Fla.2000), *997 the Florida Supreme Court explained the divergence of the two concepts when it addressed the issue of fundamental error regarding review of unpreserved errors. It held that fundamental errors are those that are “serious” and that “[i]n determining the seriousness of an error, the inquiry-must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence.” Id. at 99 (citing Bain v. State, 730 So.2d 296, 304-05 (Fla. 2d DCA 1999)). The court then noted that “the class of errors that constitute^] an ‘illegal’ sentence that can be raised for the first time in a postconviction motion decades after a sentence becomes final is a narrower class of errors than those termed ‘fundamental’ errors that can be raised on direct appeal even though unpreserved.” Id. at 100 n. 8.
In other decisions, the courts consistently stress the narrow parameters and the limited categories of claims that fall within the definition of “illegal sentence.” See Plott v. State, 148 So.3d 90, 93 (Fla.2014) (“[T]he definition of ‘illegal sentence’ as interpreted by case law has narrowed significantly since that term was used in the 1960s and 1970s.” (quoting Carter, 786 So.2d at 1176)); Wright, 911 So.2d at 83 (“Since Davis [v. State, 661 So.2d 1193 (Fla.1995)], we have found few other claims that come within the illegality contemplated by the rule.”); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (“Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law.”); Calixte v. State, 162 So.3d 283, 284 (Fla. 4th DCA 2015) (“Rule 3.800(a) provides relief for a narrow category of cases where the punishment imposed is not authorized as a matter of law.” (citing Judge, 596 So.2d at 77)).
In Wright, the Florida Supreme Court discussed examples of sentencing errors of a fundamental nature that are illegal under the rule and explained:
While it is not the only evil of illegality contemplated by rule 3.800, we noted in Davis that it was this fundamental concern to correct a sentence in excess of the legal maximum that provided the primary example for the rule’s policy of providing unlimited time to challenge a wrongful imprisonment.
Wright, 911 So.2d at 84 (citing Davis, 661 So.2d at 1196). This, exemplar and the others discussed in Wright help explain the fundamental nature of the sentencing error that justifies correction of an illegal sentence under rule 3.800(a). •
The Florida Supreme Court continued its exposition of rule 3.800 when it decided Jackson v. State, 983 So.2d 562 (Fla.2008), wherein it examined several cases that considered the types of errors that do not render a sentence illegal but do fall within the category of sentencing error correctable under rule 3.800(b). One of the errors noted by the Florida Supreme Court involves instances where “the trial court improperly assessed costs.” Id. at 572 (citing Maddox, 760 So.2d at 101-09). The Florida Supreme Court explained:
There are “sentencing errors” to which the defendant may have had an opportunity to object that do not result in an “illegal” sentence or a sentence otherwise subject to correction under rule 3.800(a). For example, the imposition of costs without statutory authority is a “sentencing error” for purposes of rule 3.800(b). See Maddox, 760 So.2d at 109 (recognizing that the unpreserved “sentencing error” at issue in Maddox involved improper imposition of six dollars in costs without statutory authority); see also Fla. R. Crim. P. 3.800 court cmt. (explaining that an error in a cost" or *998 restitution order is a “sentencing error” for purposes of the rule).
Id. at 574.
The Fourth District Court relied on Jackson and Maddox in rendering its decision in Walden. A discussion of Walden is appropriate because it involves the same sentencing error that is featured in the instant case. The court stated that, pursuant to Jackson, “the unauthorized imposition of costs does not rise to the level of an illegal sentence.” Walden, 112 So.3d at 579 (citing Jackson, 983 So.2d at 574). The court further stated that, pursuant to Maddox, serious, patent sentencing errors are “mainly those that impact the length and conditions of sentences” and that “[t]he erroneous imposition of costs did not fall into those categories.” Id. (citing Maddox, 760 So.2d at 110). Accordingly, the Fourth District Court affirmed the trial court’s denial of the defendant’s rule 3.800(a) motion and explained:
Maddox and Jackson both teach that the imposition of costs, even when not orally pronounced, is not the type of sentencing error for which rule 3.800(a) was intended to provide relief. Instead, the defendant can seek relief from unauthorized costs, including the failure to orally impose such costs, through rule 3.800(b) after sentencing. To correct such minor errors years later, involving substantial resources at both the trial and appellate level, reduces judicial resources to devote to serious issues before the courts.
Id. The court certified conflict with Strickland. Id. at 580.
The Fourth District Court in Walden noted that Strickland relied on the decision in Williams v. State, 957 So.2d 600 (Fla.2007), to correct an erroneous assessment of costs via a rule 3.800(a) motion. Walden explained that reliance on Williams for correction of an error in the assessment of costs is misplaced because Williams involved an error that occurred when the trial court’s oral pronouncement of the defendant’s prison sentence conflicted with the longer term of imprisonment provided in the written sentencing order. Like the court in Walden, we do not believe that the holding in Williams applies to elevate the erroneous imposition of fees and costs to the realm of illegal sentences correctable under rule 3.800(a).
We agree with the rationale in Walden. We note that the Second District Court has cited Walden with approval in holding that the erroneous imposition of costs does not rise to the level of an illegal sentence. See Lindquist v. State, 155 So.3d 1193, 1194 (Fla. 2d DCA 2014) (“Like the Fourth District in Walden, 112 So.3d at 580, we hold that challenges to the imposition of costs and fees are not cognizable under rule 3.800(a).”).
We conclude that the errors alleged in Durant’s motion regarding the imposition of fees and costs are not errors of a fundamental nature that fall within the definition of illegal sentence: rather, they are sentencing errors that fall under the purview of rule 3.800(b). Because Strickland equates the improper imposition of fees and costs with the concept of illegal sentence under rule 3.800(a), we recede from that decision and affirm the order under review summarily denying Durant’s motion for correction of sentence.
AFFIRMED.
LAWSON, C.J., PALMER, ORFINGER, COHEN, BERGER, WALLIS, LAMBERT, AND EDWARDS, JJ., concur.
TORPY, J., concurs in part and dissents in part, with opinion.
EVANDER, J., concurs in part and dissents in part, with opinion.

. We note that the opinion in Strickland states that the State conceded error. While we appreciate concessions of error by parties to an appeal, our appreciation extends only to those concessions that correctly admit to an error. As we will explain, the trial court did not make an error in denying the motion in Strickland because the alleged sentencing error in that case did not constitute an illegal sentence under rule 3.800(a).