IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANGEL RODRIGUEZ,

        Appellant,

v.                               Case No. 5D16-1539

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed October 28, 2016

3.800 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Angel Rodriguez, Bristol, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Angel Rodriguez appeals the summary denial of the motions he filed pursuant to

Florida Rule of Criminal Procedure 3.800(a) and 3.850. We affirm in all respects except

one. Because the trial court failed to attach sufficient records to refute Rodriguez's

challenge to the imposition of a $200 public defender fee, we reverse and remand for reconsideration of that issue.[1]

Rodriguez argues the trial court erroneously imposed a higher public defender fee without making any factual findings and without informing him that he could contest the fee. In denying this claim, the trial court concluded:

> The claim regarding the $200 PD Rep Fee is conclusively refuted by the record. A review of the change of plea and sentencing hearing reveals that the Defendant was specifically asked if he will challenge the 200 [sic] fee, but declined. . . . Thus, the first claim is without merit.

On the record before us, we are compelled to disagree.

"When a public defender lien is imposed, '[n]otice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of the sentence.'" Richie v. State, 777 So. 2d 977, 978 (Fla. 2d DCA 1999) (alteration in original) (quoting Fla. R. Crim. P. 3.720(d)(1)). "[I]t is error to impose such a lien without giving the defendant the required notice." Id. (citing Basham v. State, 695 So. 2d 887 (Fla. 2d DCA 1997)).

Here, the trial court relied on the following exchange when it denied Rodriguez's claim.

> THE COURT: I'm going to judge you [sic] be guilty of the offense. Sanction will be 120 months in the Department of

---

[1] Typically, the imposition of fees and costs cannot be raised under rule 3.800(a). See Lindquist v. State, 155 So. 3d 1193, 1194 (Fla. 2d DCA 2014) (citing Walden v. State, 112 So. 3d 578, 580 (Fla. 4th DCA 2013)). Instead, they must be challenged under rule 3.850. Id. (citing Richie v. State, 777 So. 2d 977, 978 (Fla. 2d DCA 1999); Townsend v. State, 604 So. 2d 885, 885 (Fla. 2d DCA 1992)). This Court can consider the motion as if it were properly filed under rule 3.850, when appropriate, but only if the defendant includes the proper oath. See Lewis v. State, 926 So. 2d 437, 438 (Fla. 1st DCA 2006). Appellant's motion contained such an oath and was timely filed. Thus, we will treat his claim as if it were properly raised under rule 3.850.

Corrections as a habitual violent felony offender, (HVFO). This is a 10-year minimum mandatory, 120 months minimum mandatory. Credit for time served as may by applicable under the statute. 398 court costs, 250 Public Defender cost.

Do you have any challenge to the first $200 of that amount?

THE DEFENDANT: No, Sir.

Without more, this type of general response is insufficient to waive a defendant's right to challenge fees. See Norris v. State, 659 So. 2d 1352, 1355 (Fla. 5th DCA 1995) ("When asked by the trial court if he had any objection to a lien of $100, Norris replied that he did not. Nevertheless, we do not consider Norris's response to be a valid waiver."). Accordingly, we reverse the summary denial of this claim and remand for attachment of records conclusively showing that Rodriguez was advised of his right to contest the fee or for an evidentiary hearing. See Lewis v. State, 629 So. 2d 1051, 1052 (Fla. 2d DCA 1993).[2] In all other respects, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED.

PALMER, ORFINGER and BERGER, JJ., concur.

---

[2] If the trial court determines Rodriguez was not informed of his right to contest the fee, it shall provide him 30 days in which to file written objections to the lien. See Richie, 777 So. 2d at 978; see also Edwards v. State, 59 So. 3d 335, 335-36 (Fla. 5th DCA 2011). If an objection is filed, the trial court shall strike the fee and conduct a hearing. See Richie, 777 So. 2d at 978. Thereafter, the trial court may reimpose the fee based on findings made after the hearing. See id.