# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-656
Lower Tribunal No. 93-38756
_____


**Norman E. Caison,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Norman E. Caison, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

EMAS, J.

We affirm the trial court's order denying Norman Caison's motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In his 2016 motion, Caison challenges the procedure by which the trial court imposed court costs (totaling $255)[1] during his sentencing in 1995. Caison's argument is wholly without merit.[2]

**ORDER TO SHOW CAUSE**

Further, we note that Caison has filed at least sixteen separate appeals or original proceedings with this court related to lower court case number 93-38756.[3]

---

[1] The costs include: mandatory court costs of $50.00 imposed pursuant to section 960.20, Fla. Stat. (1993) (Crimes Compensation Trust Fund); mandatory court costs of $3.00 imposed pursuant to section 943.25(3), Fla. Stat. (1993) (Criminal Justice Trust Fund); discretionary court costs of $2.00 pursuant to section 943.25(13) (Criminal Justice Education by Municipalities and Counties); and mandatory court costs of $200.00 imposed pursuant to section 27.3455(1), Fla. Stat. (1993) (Local Government Criminal Justice Trust Fund).

[2] Caison asserts that the trial court imposed these costs without orally pronouncing them and without giving Caison the opportunity to contest their imposition. First, these costs and fees are imposed pursuant to, and as authorized by, statute, and the trial court had no discretion with regard to the amount of each cost item imposed. Second, even if Caison could raise a viable claim regarding the imposition of these court costs, it would not be under rule 3.800(a), as Caison does not attack the costs themselves as illegal, but rather alleges an infirmity in the procedure by which the trial court imposed them. Such a claim is not cognizable by way of a motion to correct illegal sentence under rule 3.800(a). See, e.g., Durant v. State, 177 So. 3d 995 (Fla. 5th DCA 2015); Lindquist v. State, 155 So. 3d 1193 (Fla. 2d DCA 2014); Walden v. State, 112 So. 3d 578 (Fla. 4th DCA 2013). See also Jackson v. State, 983 So. 2d 562 (Fla. 2008); Maddox v. State, 760 So. 2d 89 (Fla. 2000).

[3] See Caison v. State, 3D17-656; Caison v. State, 3D17-625; Caison v. State, 3D17-623; Caison v. State, 3D17-572; Caison v. State, 3D16-2798; Caison v. State, 3D16-2050; Caison v. State, 3D16-1541; Caison v. State, 3D16-1524;

With one exception, this court has affirmed the lower court or otherwise denied Caison relief on appeal.[4]  Caison has engaged in the filing of meritless, frivolous and successive claims, and his actions have caused this court to expend precious and finite judicial resources which could otherwise be devoted to cases raising legitimate claims.  Hedrick v. State, 6 So. 3d 688, 691 (Fla. 4th DCA 2010) (noting: "A legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.")

While pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding.  State v. Spencer, 751 So. 2d 47 (Fla. 1999).  As our sister court aptly described it, there comes a point when "enough is enough." Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995).  Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford

---

Caison v. State, 3D16-1385; Caison v. State, 3D16-868; Caison v. State, 3D16-715; Caison v. State, 3D14-2571; Caison v. State, 3D14-190; Caison v. State, 3D12-369; Caison v. State, 3D09-1972; Caison v. State, 3D01-718.

[4] The singular exception is Caison v. State, 3D17-572, which granted no substantive relief, but instead merely granted Caison's petition for a belated appeal of the instant trial court order.

3

counsel, courts must strike a balance between the pro se litigant's right to participate in the judicial process and the courts' authority to protect the judicial process from abuse.

Therefore, Appellant Norman Caison is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments and sentences in circuit court case number 93-38756. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to circuit court case number 93-38756 unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.

Additionally, and absent a showing of good cause, any such further and unauthorized pro se filings by this defendant will subject Caison to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2017).

4