# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

―――――――――――――――――

Case No. 5D2025-3764
LT Case No. 2015-CF-000425

―――――――――――――――――

ANDREW ELSWICK,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

―――――――――――――――――

3.800 Appeal from the Circuit Court for Clay County.
Steven B. Whittington, Judge.

Andrew Elswick, Crawfordville, pro se.

No Appearance for Appellee.

June 26, 2026

PER CURIAM.

Appellant Andrew Elswick appeals the postconviction court's summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. We affirm in part the postconviction court's summary denial of the motion based on its determination that the oral pronouncement of Appellant's sentence as a habitual felony offender was correct. However, because Appellant was designated and sentenced under three recidivist enhancements under section 775.084, Florida Statutes (2015), we reverse in part and remand for the limited purpose of striking Appellant's designations and sentences as a habitual violent felony offender and three-time violent felony offender.

Appellant was convicted of aggravated battery with a deadly weapon, a second-degree felony. At the sentencing hearing, the trial court found that Appellant qualified as a habitual felony offender (HFO), habitual violent felony offender (HVFO), and three-time violent felony offender (TTVFO). The court then made an oral pronouncement sentencing Appellant to twenty years in prison. The court did not impose a mandatory minimum term. Thus, the court sentenced Appellant under the HFO enhancement. However, the judgment and sentence indicated that the Appellant was to be sentenced as an HFO, HVFO, and TTVFO which required the Appellant to serve a ten-year mandatory minimum prison sentence as an HVFO and a fifteen-year mandatory minimum prison sentence as a TTVFO.

Appellant argued in his Rule 3.800(a) motion that his sentence was illegal because it was imposed as a combination of three recidivist enhancements under section 775.084. Appellant relied on Clines v. State, 912 So. 2d 550, 560 (Fla. 2005), in which the Florida Supreme Court held that "subsection 775.084 permits the application of only one recidivist category" to a single criminal sentence. See Mullins v. State, 970 So. 2d 376, 379 (Fla. 3d DCA 2007) (Sheperd, J., concurring in part and dissenting in part) ("Clines deals solely with designations accompanied by sentences, and does not stand for the proposition that either a dual or improper designation alone is reversible. Rather, Clines prohibits applying more than one recidivist category in section 775.084, Florida Statutes, to a single criminal sentence."). The postconviction court summarily denied Appellant's motion recognizing that, during the sentencing hearing, the trial court did not impose a mandatory minimum sentence and only sentenced Appellant as an HFO. Therefore, the postconviction court ruled that his sentence was legal as Appellant was not sentenced based on the additional HVFO or TTVFO qualifications.

"[A]n illegal sentence for purposes of rule 3.800(a) proceedings is a sentence 'that no judge under the entire body of sentencing laws could possibly impose.'" *Durant v. State*, 177 So. 3d 995, 996 (Fla. 5th DCA 2015) (quoting *Wright v. State*, 911 So. 2d 81, 83 (Fla. 2005)). Under *Clines*, "only one recidivist category in section 775.084 may be applied to any given criminal sentence." 912 So. 2d at 560. A written sentence that imposes more than one recidivist enhancement violates Florida law, so the written sentence can be corrected in a rule 3.800(a) motion. *See Mullins v. State*, 970 So. 2d at 376–77 (applying *Clines* in the context of a Rule 3.800(a) proceeding). In addition, "a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence"

and, thus, "a discrepancy between [an] oral and written sentence is cognizable in a rule 3.800(a) proceeding." *Williams v. State*, 957 So. 2d 600, 603, 605 (Fla. 2007).

The postconviction court properly concluded that the oral pronouncement of Appellant's sentence was not illegal because the oral pronouncement correctly sentenced Appellant to twenty years in prison as an HFO without a mandatory minimum. This oral pronouncement controls over the written sentence. *See id.* at 603 (explaining that "a court's oral pronouncement of a sentence controls over the written sentencing document," but that "no court has the authority" to enter a "written sentence that conflicts with the oral pronouncement"). We affirm in part the postconviction court's denial of the Rule 3.800(a) motion because the oral pronouncement was correct.

However, we reverse in part and remand for correction of the written judgment and sentence for the removal of the designations that impose the ten-year HVFO mandatory minimum and the fifteen-year TTVFO mandatory minimum as this would violate Florida law. *See Clines*, 912 So. 2d at 560; *Williams*, 957 So. 2d at 603, 605; *see also Ballester v. State*, 50 Fla. L. Weekly D898 (Fla. 6th DCA Apr. 17, 2025) (reversing in part and remanding for the limited purpose of striking a TTVFO designation and sentence where the defendant was also sentenced as a violent career criminal under section 775.084).

AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.

EDWARDS, BOATWRIGHT, and KILBANE, JJ.,concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____